## Anderson's Appeal.

Petition to open a judgment denied, on the facts, for want of equity.

(Decided October 5, 1885.)

Appeal from a decree of the Common Pleas of Huntington County, refusing to open a judgment in favor of defendant. Affirmed.

Lydia Ann Woollett loaned to Levi Anderson $300, for which he gave her his judgment note for $324 with Jonathan Anderson as surety, payable one year after date without interest. Nothing having been paid on this note, two years after its maturity judgment was entered thereon for $324, with interest. Subsequently the judgment was assigned to Jehu Madden. Payment of the judgment having been refused, execution was issued thereon. Anderson then presented to the court a petition stating a tender made; usury set-off; alleging an agreement by

Note.—Here the usurious interest was credited upon the note by order of the court. The court will ordinarily open a judgment where usurious. Whyte v. Cramer, 4 Pa. Super. Ct. 436; Warren's Appeal, 43 Phila. Leg. Int. 324; Foulds v. Haubert, 5 W. N. C. 291. Even though the defendant has confessed the judgment in a voluntary settlement. Marr v. Marr, 110 Pa. 60, 20 Atl. 592. Or though it has been revived. Walter v. Breisch, 86 Pa. 457; Markle Bros. v. Straw, 5 Kulp, 57. But see Shafer's Appeal, 99 Pa. 246; Parke v. Ferguson, 4 Kulp, 103; Miner's Trust Co. v. Breisch, 2 Legal Record Rep. 29. Or though the money was so borrowed at the request of the defendant by the plaintiff. Wood's Appeal, 1 Pennyp. 259. Or though a certificate of no defense was given. Markle Bros. v. Straw, 5 Kulp, 57. But see Dawson v. Melvin, 2 Law Times, N. S. 203, where such declaration estopped the defendant as against the assignee, who paid full consideration. The defendant must prove the usury, or the judgment will not be opened. Pettis's Appeal, 126 Pa. 420, 17 Atl. 622; Read's Appeal, 126 Pa. 415, 17 Atl. 621. In such cases the court will not open the judgment, but apply the excess payments to the judgment, as was done in ANDERSON'S APPEAL. Shafer's Appeal, 99 Pa. 246; Williams v. Thomas, 1 W. N. C. 150.

Mrs. Woollett that judgment should not be entered upon the note; and asking for a rule to open judgment and to be let in to a defense. The rule was granted; but upon argument it was discharged upon defendant's crediting the amount of the usurious interest upon the judgment; and petitioners appealed.

*L. H. Beers* for appellants.

*H. C. Madden* for appellees.

PER CURIAM:

The rule in this case was to show cause why the judgment should not be opened. The only fact proved to justify the opening of the judgment was the illegal interest charged in the note. Beaty v. Bordwell, 91 Pa. 438. That interest has been deducted and the appellants fully discharged therefrom. If all the other alleged equities did exist they are not to be asserted by opening the judgment. No motion was made to strike off the judgment. If it had been, the evidence is insufficient to justify such action. The other alleged claims are not the subject of set-off against the judgment.

Decree affirmed and appeal dismissed, at the costs of the appellants.