## Jacob R. Seitzinger, Exr., etc., Plff. in Err., *v.* Philip Alspach.

Not only merchants, but other persons, may so deal together, if there are reciprocal accounts between them, as to take a claim arising upon such accounts out of the statute of limitations.

Mutual indebtedness does not extinguish the debts; to effect that, there must be an application of each to the other.

As a rule, where a set-off is pleaded to an action upon an account, the

NOTE.—Mutual accounts need not be between merchant and merchant to come within the provision of the act of May 27, 1713, preventing the running of the statute of limitations, except from the date of the last item. Van Swearingen v. Harris, 1 Watts & S. 356; Thomson v. Hopper, 1 Watts & S. 467; Baugher v. Conn, 6 Sad. Rep. 100; McFarland v. O'Neil, 155 Pa. 260, 25 Atl. 746. But they must be such demands as are provable by books of original entry. Mattern v. McDivitt, 113 Pa. 402, 6 Atl. 83.

statute of limitations will bar any item of it extending six years beyond the date of the filing of the plea.

(Decided May 3, 1886.)

Error to the Common Pleas of Schuylkill County to review a judgment for plaintiff in an action of assumpsit. Affirmed.

The facts appear in the following portions of the charge given in the court below by PERSHING, P. J.:

Philip Alspach, the plaintiff in this action, brought suit against Nicholas Seitzinger, in the lifetime of Seitzinger, to recover a balance alleged to be due him on two bills, the items constituting which were filed with his summons and declaration, one for $234.52 and the other for $227.18; and these two amounts he seeks to recover now at your hands, with interest.

The defendant by his plea admitted the correctness of these accounts; and therefore you have observed that no evidence was offered to you to contradict the items contained in the account which have been read to you. With that the case of the plaintiff rested.

It is claimed here on the part of the defense that all this has been paid to the plaintiff; and not only that, but that he has been largely overpaid; and the defendant here claims at your hands a certificate of the balance to the estate of Judge Seitzinger, after paying the claim of Alspach filed in this action. Under our statutes of defalcation, where a jury is satisfied that the plaintiff's claim has been overpaid, it is their duty to find a verdict for the defendant, and along with that to certify the amount to which the claim has been overpaid, which then becomes a verdict really in favor of the defendant for that amount.

The claim set up on the part of the defense here, to meet the account of the plaintiff, is a charge for rent for the use and occupation of a portion of a lot of ground which belonged to Judge Seitzinger.

It is not claimed here that there was any particular amount stipulated to be paid by Alspach to Seitzinger for the use of this ground. What the defense claim is what is termed in law an implied contract on the part of the plaintiff to pay the defendant what the ground was reasonably worth, for the purposes for which he used it.

There was evidence to show that, as early as 1864, Seitzinger claimed that Alspach should pay him a reasonable rent for the use of these premises, and an acknowledgment on the part of Alspach that he ought to pay something, leaving the amount which would be a proper rent undetermined from that day to this.

It is also claimed here that the plaintiff is liable to pay to the defendant a reasonable charge for the use of the switch, or railroad, or siding, which ran in from the main track of the railroad company to Alspach's lumber yard. It is a disputed question for your decision as to what party built this railroad.

If the track belonged to the railroad company, then Seitzinger would have no claim against Alspach. If Seitzinger owned this portion of the siding, and yet it was the railroad company that ran its cars into Alspach's lumber yard, Seitzinger's claim would have to be against the company, and not against Alspach. In order to recover for the use against Alspach, you should be satisfied from the evidence that Alspach used it.

This constitutes the claim on the part of the defense, upon which they claim, not only the right to meet the entire demand made against them by the plaintiff, but also to demand at your hands a certificate of a balance due from the plaintiff to the defendant. A number of points have been presented, which will perhaps bring forward everything else that is in the case.

The plaintiff asked the court to charge:

2. In this case the defendant claims, as a set-off against the plaintiff's demand, for the use and occupation of a lot of ground. Such set-off cannot be sustained without proof of a contract to pay either a stipulated compensation, or such a sum as the use was reasonably worth, or without showing an acknowledgment by the plaintiff of his relation as tenant.

Answer: The rule is that in order to recover for use and occupation either an express contract must be shown, or the use and occupation of the ground with the consent of the owner will raise an implied contract to pay for it. If at the time—according to the testimony of Gen. Cake—he and Mr. Seitzinger went to Mr. Alspach, it had been there agreed that he should pay a stipulated sum for the use of this ground, that would have been an express contract. If there was any agreement that he should use the ground, and there was no price fixed upon, but it was

shown that he did use and occupy it, then the law would imply that he would pay for it whatever it was reasonably worth.

Thus, it is said that proof may be either direct or presumptive. If a defendant has taken possession of land and occupied it by the permission of the plaintiff, the law will presume a promise to pay a reasonable rent, although none had been expressly fixed. In such a case the contract is deduced from the assent of the plaintiff, and the action of the defendant under it.

4. In considering the claim for rent in this case, as made by the defendant in his plea of a set-off, the jury cannot go back of the 25th day of May, 1875. All claims for rent before such date are barred by the statute of limitations, and the jury must reject such claims.

Answer: This raises the important legal question in the case,—the right of the plaintiff here to set up the statute of limitations against the plea of set-off filed by the defendant on May 25, 1881. After careful examination of the law upon this subject, I have come to the conclusion that this point correctly states it, and that it must be affirmed. Set-off, as counsel told you, is virtually cross action. As it stands, it is virtually an action brought by Seitzinger against Alspach to recover this rent.

Our supreme court in several recent cases (Gilmore v. Reed, 76 Pa. 464; Wisecarver v. Kincaid, 83 Pa. 100; Verrier v. Guillou, 97 Pa. 68) have held that where set-off is pleaded, the statute of limitations will bar any item of it extending six years beyond the date of the filing of the plea. And as this plea was filed May 25, 1881, all claims set up under the plea prior to May 25, 1875, must be excluded. On careful examination I have been unable to distinguish this case from the cases in which this rule has been applied.

5. In this case the defendant admits the correctness of the plaintiff's demand to the whole extent of his accounts given in evidence in this case; and, if the jury believed that in 1874 Alspach removed all the lumber that he claimed from Seitzinger's ground, or if he removed his lumber from Seitzinger's ground at any time before May 25, 1875, and had no use of Seitzinger's ground thereafter, for the purpose of depositing his lumber, the verdict of the jury must be for the plaintiff for the whole amount of his claim, with lawful interest thereon.

Answer: It will be necessary to affirm this, having affirmed the other point, if you find the facts to be as stated here.

The defendant has asked us to charge you:

1. If the jury believe that the plaintiff occupied the lot of Nicholas Seitzinger, with the knowledge and consent of said Seitzinger, the plaintiff is bound to pay the defendant a fair rental during the time he occuiped the same; unless plaintiff can show that he occupied the land under an express agreement not to pay rent.

Answer: We affirm that, as a rule of law.

2. If the jury believe that there were mutual dealings between the plaintiff and defendant, and any one item in either account is within six years, the statute of limitations does not apply to any part of either account.

Answer: That is correct, as a general principle, governing mutual dealings between two parties; but we do not affirm it as applicable in this case, in view of the plea of set-off filed by the defendant, and the evidence offered under it.

Your next inquiry will be: Under the rulings of the court and law, was there any use and occupation of this ground after May 25, 1875? Upon that subject a number of witnesses have been examined.

You have this testimony for your determination as bearing on the question whether the plaintiff occupied this ground after May 25, 1875. If so, it would be for you to determine what rent he ought to pay for it.

As to what would be a fair rental for the use of the premises you have a great deal of testimony. . . .

We submit the case to you, under the instructions we have given you.

This suit was brought in February, 1877, and, of course, the only controversy here is the claim up to that date. We cannot try any claims subsequent to February 23, 1877. Anything after that date is not properly before us in this action.

The jury returned a verdict for plaintiff, and from the judgment entered thereon defendant brought this writ, assigning for error the action of the court as indicated above.

*Hughes & Farquhar,* for plaintiff in error.—The leading case

upon the subject of the statute of limitations in the case of mutual accounts is that of Catling v. Skoulding, 6 T. R. 189.

That case was an action for use and occupation of a house; and the defendant had furnished the plaintiff with candles and liquors within six years, and it was held that the items for candles and liquors furnished were evidence of acknowledgment and promise to pay the items for rent, otherwise barred by the statute. In that case Lord Chief Justice KENYON said: "Any act which the jury may consider as an acknowledgment of its being an open account is sufficient to take the case out of the statute." See Van Swearingen v. Harris, 1 Watts & S. 356; Chambers v. Marks, 25 Pa. 296; Mandeville v. Wilson, 5 Cranch, 15, 3 L. ed. 23; Chamberlin v. Cuyler, 9 Wend. 126.

In Lowber v. Smith, 7 Pa. 383, this court, in defining what constitutes such a mutual account as will take the same out of the statute of limitations, says: "A mutual account is when each has a demand or right of action against the other; as, for example, when A and B, dealing together, A sells B an article of furniture or any other commodity, and afterwards B sells A property of the same or a different description; this constitutes a reciprocal demand, because A and B have a demand or right of action against each other."

In such a case, the time of filing pleadings has nothing whatever to do with fixing the time of the running of the statute of limitations; for, as is said by Justice BLACK, in the case of Chambers v. Marks, 25 Pa. 296, "in such a case the parties must settle as if the statute of limitations had never been passed." See Angell, Limitations of Actions, § 57, pp. 71, 72; Gilmore v. Reed, 76 Pa. 462.

*John W. Ryon* and *H. B. Graeff,* for defendant in error.—Where set-off is pleaded, the statute of limitations will bar any item of it extending six years beyond the date of the filing of the plea. Gilmore v. Reed, 76 Pa. 464; Wisecarver v. Kincaid, 83 Pa. 100; Verrier v. Guillou, 97 Pa. 68. And see Marseilles v. Kenton, 17 Pa. 238.

PER CURIAM:

The court declared the law correctly in regard to mutual accounts that are such as will be taken out of the statute of limitations.

It is true the mutual accounts need not necessarily be between merchants. Other persons may so deal together, if there be reciprocal accounts between them, as in like manner to take them out of the statute. There is nothing, however, in the facts of this case to prevent the statute of limitations being successfully interposed to all the items claimed which were six years old when the set-off was pleaded. Gilmore v. Reed, 76 Pa. 462.

Mutual indebtedness does not work an extinguishment of the respective debts without an application of them to each other by the concurrent acts of the parties. Carmalt v. Post, 8 Watts, 406; Beaty v. Bordwell, 91 Pa. 438.

Judgment affirmed.