## Nicholas Gardner's Appeal.

In an action on a note executed by defendant to plaintiff, his father-in-law, for money had,—*Held,* that evidence of plaintiff's subsequent declarations that only interest was to be collected on the note is not sufficient to override the plaintiff's evidence that there was no agreement that the note was not to be paid in accordance with its terms and the prima facies furnished by the note itself.

*Held,* also, that the declarations of plaintiff's wife were not competent for any purpose.

A book account cannot be set off against a judgment, against the will of the party holding the judgment.

(Argued October 21, 1886. Decided November 15, 1886.)

October Term, 1886, No. 143, before GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal from a decree of the Common Pleas of Butler County refusing to open a judgment. Affirmed.

NOTE.—For the proof required to open a judgment, see note to Roenigk's Appeal, 1 Sad. Rep. 284. For set-off against a judgment, see note to Marine Saw Mill Co.'s Appeal, 1 Sad. Rep. 342.

At the September term, 1885, Conrad Eicholtz, for the use of H. F. Eicholtz, obtained judgment against Nicholas Gardner on a judgment note given by the latter, who filed a petition to open said judgment, alleging that it was given without consideration and transferred by Conrad Eicholtz to H. F. Eicholtz in fraud of his (Gardner's) rights, and that he had a claim and set-off on a book account for goods and merchandise furnished said Conrad Eicholtz.

The court granted a rule to show cause why judgment should not be opened, etc., and subsequently discharged the same, which defendant assigned as error.

Further facts are stated in the opinion.

*C. C. Dickey* and *W. H. Lusk,* for appellant.—There was a good consideration for the gift to Gardner. 2 Bl. Com. p. 442.

It was beyond the power of donor or his representative to revoke it. Greenfield's Estate, 14 Pa. 501; Mechling's Appeal, 2 Grant Cas. 161; Weaver's Appeal, 63 Pa. 311; Russell's Appeal, 75 Pa. 288; Wright's Appeal, 89 Pa. 67, 93 Pa. 82; Yundt's Appeal, 13 Pa. 579, 53 Am. Dec. 496; Oller v. Bonebrake, 65 Pa. 345.

In equity a seal to a contract does not import a consideration, nor does it obviate the necessity of proving one, when enforcement of the contract is sought in equity. 1 Cooley, Bl. Com. p. 624, note.

There was no consideration for the note given by Gardner. Unless the promise is contemporaneous with the original debt, and constitutes the inducement thereto, it is not binding. Conmey v. Macfarlane, 97 Pa. 361.

A consideration of benefit to the debtor or injury to the creditor must be shown to have been the foundation of the promise. Hoffman v. McDermond, 1 Pittsb. 199.

The party who seeks to recover damages for the breach of promise made to him must show that there was a consideration for the promise. The burden is on him. Nor will the law presume a consideration if none be expressed or shown. Shorb v. Shultz, 43 Pa. 208.

Every bond or note under seal is liable to investigation as to its truth and fairness, in the hands of the indorsee or assignee. Houk v. Foley, 2 Penr. & W. 245.

That which is a mere fortuitous result flowing accidentally

from an arrangement, but in no degree prompting the actors to it, is not to be esteemed a legal consideration. Kirkpatrick v. Muirhead, 16 Pa. 126.

Gardner's written declaration of his promise to pay Eicholtz $500, in one year from February 17, 1880, was not binding on him as a promise, if he was not originally liable to pay this money from the time he received it. Lincoln v. Wright, 23 Pa. 80, 62 Am. Dec. 316.

A mere voluntary promise rests where it began. It may be binding in morals or honor, but it is not the foundation of a suit at law which looks to distributive justice and demands an equivalent for a promise before it enforces its performance. Chambers v. Davis, 3 Whart. 46.

As a general rule, an express promise cannot be supported by any consideration wholly past and executed, from which the law could not imply a promise. Fross's Appeal, 105 Pa. 267.

On the ground of fraud, accident, or mistake in the procurement of a written instrument, or fraudulent use of it afterwards, a chancellor will lend his aid to a party who seeks to avoid the legitimate operation of such an instrument. Rowand v. Finney, 96 Pa. 192.

Parol evidence is admissible to contradict, vary, or even avoid a written instrument, where it is proved that but for the oral stipulation it would not have been executed. Hoopes v. Beale, 90 Pa. 82; Spencer v. Colt, 89 Pa. 314; Greenawalt v. Kohne, 85 Pa. 369; Barclay v. Wainwright, 86 Pa. 191.

In an action upon a sealed note by which the defendant promises to pay "without defalcation for value received," he is not thereby precluded from a defense upon the plea of set-off. Louden v. Tiffany, 5 Watts & S. 367.

If the indorser of a promissory note proved that it was fraudulently put into circulation by the drawee he may call upon the holder to show what consideration he gave for it, and how it came into his hands; and the indorser is entitled to give such proof in order to require such explanation from the holder. Holme v. Karsper, 5 Binn. 469.

The transferee of a non-negotiable note takes it subject to the equities existing between the original parties, on the ground of failure or want of consideration; and he must show what he paid or gave for the note, even though the maker may have admitted that he had no defense to it. Edgar v. Kline, 6 Pa. 327.

The obligor in a single bill with warrant of attorney is not precluded from setting up a defense against it in the hands of an assignee, unless estopped by admitting to such assignee that he has no such defense, or by encouraging him to purchase. Deen v. Herrold, 37 Pa. 150.

The equitable transferee of a non-negotiable note takes it subject to all the equities existing between the original parties at the time of the transfer. White v. Heylman, 34 Pa. 142.

*J. D. Marshall* and *Stephen Cummings,* for appellee.—The parties reduced their agreement to writing under seal. This is the best and only evidence of the agreement between the parties, and is not to be changed or varied by parol evidence of any other intention than that therein expressed, except on certain prescribed conditions and exceptions which are well defined to be in cases of fraud, accident, or mistake in procuring the writing or making a fraudulent use of it after execution. Cozens v. Stevenson, 5 Serg. & R. 421; Martin v. Berens, 67 Pa. 459; Phillips. v. Meily, 106 Pa. 536; Anderson's Appeal, 1 Sad. Rep. 45.

A book account is not a subject of set-off to a judgment, against the will of the party holding the judgment. Beaty v. Bordwell, 91 Pa. 441.

OPINION BY MR. JUSTICE PAXSON:

This was an appeal from the refusal of the court below to open a judgment given by the appellant to Conrad Eicholtz, his father-in-law, for the sum of $500. The appellant admits having received the amount, $500, from Eicholtz some months prior to the date of the judgment, but alleges that the money was either a gift to him, appellant, or a compensation for aiding Eicholtz in selling some real estate, or an advancement to Eicholtz's daughter, the wife of the appellant, for which he was to pay interest at the rate of 3 per cent during Eicholtz's life. It appears that the latter had, some time prior to this transaction, distributed the greater portion of his estate among his children, with the understanding that they were to pay interest therefor during his life at the rate of 3 per cent.

It was not alleged, and there was certainly no evidence to show, that there was either fraud, accident, or mistake in the making of the note in question. Nor was there anything that occurred on its execution which would indicate that the plaintiff

below was using the note fraudulently and for a different purpose from that for which it was given. The following is appellant's own statement of what occurred at the giving of the note:

"In February, 1880, he (plaintiff) came up to my house. I was standing on the porch, and the minute he made the first step upon the porch, he says: 'Nick, Mother (meaning his wife) sent me up. You have to give a note for these $500 (meaning those $500 he gave me in Allegheny). The boys are not satisfied; they won't pay me anything, they say you got the money and are not paying anything—"Why should we pay anything?" ' To my recollection I didn't make any reply. I went and wrote him a note, which is the note in controversy in this proceeding, as I would to any stranger. I gave him the note, and I don't think there was anything said, to my recollection; at least I can't recollect anything after I gave him the note. Mr. Eicholtz by 'the boys' meant his sons. He said that he had intended to make these boys pay 3 per cent of the value of the farms that he had given them."

The plaintiff, when examined, denied that there was any agreement that this note was not to be paid in accordance with the terms.

This is all that occurred at the execution and delivery of this note. The sworn declarations made by plaintiff subsequently are not sufficient to override the testimony of the plaintiff, and the prima facies furnished by the note itself. The declarations of plaintiff's wife were not competent for any purpose.

The case is absolutely bare of anything to show fraud, accident, or mistake, or a fraudulent use of the instrument, different from that declared by the parties to be its purpose, at the time of its execution. Nor do we attach much importance to the alleged want of consideration.

The appellant obtained the plaintiff's money; that is sure; that he gave his note for it is equally certain. And there was no word said by the plaintiff when he demanded the note of appellant to indicate that the latter was not to pay it according to its terms. Nor is the appellant's story clear, as to the matter of this receipt of the $500. He ought to have known whether it was given to him for services rendered, as a gift, or as an advancement to his wife. It could not have been for any of those.

That the book account could not be set off against this judgment is settled by Beaty v. Bordwell, 91 Pa. 438.

The decree is affirmed and the appeal dismissed, at the costs of appellant.