## Cooke v. Edwards.

*Opening judgment—Proof of an open account as set-off or payment.*

No court should open a judgment merely on proof that the defendant had an account against plaintiff equal to the amount of the judgment. It follows therefore that it was error to open a judgment on allegation of board due the obligor by the obligee where there is nothing proven in the case which would support the contention that there was an agreement that the board should be credited on the bond or the judgment entered thereon.

Argued Oct. 5, 1900. Appeal, No. 78, Oct. T., 1900, by plaintiff, in suit of Jessie R. Cooke, assignee of James L. Cooke, who together with Jessie R. Cooke were the assignees of Sarah S. Edwards, guardian, who was the assignee of Robert M. Parsons, administrator of John M. Cooke, against Jesse S. Edwards, from decree of C. P. No. 3, Phila. Co., Sept. T., 1896, No. 725, making absolute rule to open judgment and let defendant into a defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J.

Rule to open judgment and let defendant into a defense. Before McMICHAEL, J.

The facts sufficiently appear in the opinion of the court.

The court below made absolute the rule to open judgment. Plaintiff appealed.

*Error assigned* was to the decree of the court making absolute rule to open the judgment and let defendant into a defense.

*George C. Bowker*, for appellant.—An application for the opening of a judgment must be supported by clear, precise and positive testimony which should not be doubtful in character: Cloud v. Markle, 186 Pa. 614; Phillips v. Meily, 106 Pa. 543.

The decision of the chancellor must of course rest on competent evidence, and, if not so founded, will be set aside by the appellate court: Pfaff v. Thomas, 3 Pa. Superior Ct. 419; Woods v. Irwin, 141 Pa. 278.

Nothing is better settled than that it requires more than the testimony of the defendant to move a chancellor to open a judgment.

A judgment will not be opened when the answer of the plaintiff is responsive to the petition, and denies under oath every allegation therein, unless such answer is overcome by testimony of two witnesses or of one witness corroborated by circumstances equivalent to another: Hoffman v. Jacobs, 12 Lanc. Rev. 25; Mangan v. McHale, 6 Kulp, 459.

*Wendell P. Bowman*, for appellee.—While a judgment should not be opened as a general rule upon the oath of the defendant alone, when he is contradicted by the testimony of the plaintiff, yet where there are corroborating circumstances, or circumstances from which inferences may be drawn, corroborative of the defendant, it is usual to open the judgment and refer the question to a jury: Stockwell v. Webster, 160 Pa. 473; Steiner v. Scholl, 163 Pa. 465; Klopfer v. Ekis, 155 Pa. 41; Hunt v. Mahoney, 148 Pa. 232.

OPINION BY WILLIAM W. PORTER, J., November 19, 1900:

The learned court below has made absolute a rule to open a judgment entered on a bond by confession. We are at all times

reluctant to overturn discretionary action and especially when the order is that of a chancellor whose conclusions are reached only after conscientious deliberation. We, however, are constrained to the conclusion that error was committed in this case. The ground upon which the rule to open is based is that the plaintiff in the judgment (being the assignee of the bond and of the mortgage securing it), is indebted to the defendant in a sum equal to the amount of the judgment, for board alleged to have been furnished by the defendant to the plaintiff. The testimony of the defendant stands alone in support of the allegation that between him and the plaintiff there existed an agreement that she should pay board to him, and this very testimony is self-contradictory and inconsistent. It fails to make out a contract with the plaintiff for board. In more than one place in his cross-examination the defendant admits, more or less directly, that there was no such contract. At least once he is explicit. Thus he is asked : " Then there was no agreement with you for the payment of the board ? A. No, there was no agreement with me." The testimony of the plaintiff is ·that no such contract existed. That this testimony may be more intelligible, it is necessary to state that the plaintiff is the niece of the defendant's wife. The latter was also the plaintiff's guardian by judicial appointment. The defendant's wife during the plaintiff's minority, took her to board and received credit for the board in accounts adjudicated in the orphans' court. Subsequent to her attaining majority, the plaintiff lived with her aunt and in lieu of paying board the plaintiff remitted the interest on the mortgage held by her on her aunt's house, and devoted her services to assisting her aunt, who was for some years, and until her death, afflicted with a repulsive disease. On the death of her aunt, the plaintiff removed from the house. She now is requiring payment of the bond (which the mortgage accompanies) signed by the defendant and his wife, the plaintiff's deceased aunt. The defendant having an interest in the real estate as tenant by the curtesy, attempts to defeat the claim upon the bond by setting up the obligation to pay board to him. But assuming (against the fact) that the defendant has made out a contract with the plaintiff to pay board, the defense is a set-off. It might be utilized in proceedings anterior to judgment, but it is not avail-

412, (1900).]          Opinion of the Court.

able on a rule to open a judgment already entered. The mere fact that a person has a debt against his judgment creditor, gives the former no right, against the will of the latter, to apply the debt as a payment on the judgment. As said in Beatty v. Bordwell, 91 Pa. 438, "No court would open a judgment merely on proof that the defendant had an account against the plaintiff equal to the amount of the judgment." See also Rishel v. Crouse, 162 Pa. 3, Stroud's Appeal, 109 Pa. 326, and Thorpe v. Wegefarth, 56 Pa. 82. There is nothing proven in the case which would support the contention that there was an agreement that the board should be credited on the bond or the judgment entered thereon.

We are, therefore, of opinion that the order of the court below must be reversed and the rule to open discharged.

Judgment reversed and rule discharged.