## Kramer, Appellant, *v.* Moss.

*Judgments—Opening of—Set off—Counter-claim.*

On a petition to open a judgment, entered by confession on a promissory note, the validity of the judgment was admitted. The defense was in the nature of a counter-claim or setoff, alleging that the plaintiff was in possession of rents collected for the defendant and belonging to him. There was no allegation that there had been any settlement or adjustment of the defendant's claim, or that the plaintiff had admitted his possession of a sum of money to which defendant was entitled.

Under such circumstances it was error for the court in refusing to open the judgment, to award an issue to determine the amount due thereon.

An unliquidated claim cannot be set off against a judgment.

TREXLER, KELLER and GAWTHROP, JJ., dissent.

Argued April 19, 1927.  Appeal No. 78, April T., 1927, by plaintiff from order of C. P. Fayette County, March T., 1924, No. 534, in the case of H. Kramer v. Harry Moss, with notice to Maurice Kaufman, terre tenant.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Rule to open judgment entered by confession on a promissory note.  Before HENDERSON, J.

The facts are stated in the opinion of the Superior Court.

The court refused to open the judgment, but awarded an issue to determine how much was due thereon.

*Error assigned,* among others, was the order of the Court.

*Elias Goodstein,* and *M. J. Laponsky,* for appellant. —A counter-claim or setoff is not a defense to an admittedly valid judgment: Cooke v. Edwards, 15 Pa. Superior Ct. 412; Pollard & Brant, Inc., v. Stein, 81 Pa. Superior Ct. 374; Williams v. Moore, 9 Kulp 310; Gallen's Estate, 18 Pa. Superior Ct. 365.

*H. A. Cottom,* for appellee.—On a petition averring payment an issue may be awarded to determine what, if anything, is due on a judgment: Earnest v. Hoskins, 100 Pa. 551; Everett v. Cox, 3 Kulp 7; Scott v. Scott, 8 York 93; Hopkins v. West, 83 Pa. 109; Buchanan v. Banks, 192 Pa. 516; Brader v. Alinikoff, 85 Pa. Superior Ct. 285; Anderson v. Best, 176 Pa. 498; Reynolds v. Barnes, 76 Pa. 427.

OPINION BY HENDERSON, J., July 8, 1927:

The plaintiff obtained a judgment against the defendant by confession on a judgment promissory note for $4,000.  Some time after the maturity of the obli-

gation a writ of fieri facias was issued whereupon the
defendant presented a petition to open the judgment
and for a stay of execution for the reason that after
the entry of the judgment the plaintiff had collected
and has in his possession "certain rent money belong-
ing to petitioner aggregating the sum of $2,075.96"
to which the petitioner was entitled immediately on
collection, which money the plaintiff refused either to
turn over to the petitioner or to credit on the judg-
ment. It is further set forth that the defendant paid
to the sheriff the sum of $1,926.04 to apply on the
execution which sum together with the amount re-
ceived by the plaintiff for rent equalled the whole
amount due on the writ of fieri facias. To this peti-
tion the plaintiff filed an answer in the nature of a
demurrer in which he denied the right of the defendant
to set off against the judgment and execution an un-
liquidated claim. The case was heard on the petition
and answer and the learned trial court, while denying
the right of the defendant to have the judgment opened
for matters arising after the entry of the judgment
and not any denial of its validity, regarded the ap-
plication as meritorious from an equitable point of
view and directed an issue to be formed for trial by a
jury to determine how much, if anything, is due on the
judgment; the lien of the levy to remain and further
proceedings thereon be stayed pending the determina-
tion of the issue. The objection to this proceeding is
that it is an attempt to set off an open account against
a valid judgment. It is not alleged in the petition
nor asserted in the argument of the learned counsel
for the defendant that there had been any settlement
or adjustment of the defendant's claim described as
rent, nor is it alleged that by any agreement or admis-
sion the plaintiff had admitted his possession of a
sum of money to which the defendant is entitled. The
attempt is to set off against the judgment an un-

liquidated claim which the defendant says he holds against the plaintiff. The cases are numerous which authorize the practice of staying a writ of fieri facias to enable the defendant to show payments on the judgment after the entry thereof. Some of these cases are referred to and the proper practice disclosed in the opinion of our brother TREXLER in Brader v. Alinikoff, 85 Pa. Superior Ct. 285. They are cases however wherein payment was alleged, but here we have an application to set off a counterclaim against a judgment. It was said in Thorp v. Wegefarth, 56 Pa. 82, that to a judgment there can be no set off of a debt not in judgment; one judgment may be set off against another through the equitable powers of the court, but to a judgment ripe for execution there can be but one answer, that is payment pure and simple, and this applies as well to a judgment entered by confession as to one entered by adverse proceeding. This announcement of the law was reaffirmed in McKee v. Verner, 239 Pa. 69, as also in Beaty v. Bordwell, 91 Pa. 438; Cooke v. Edwards, 15 Pa. Superior Ct. 412. The statement by the petitioner that the plaintiff has a certain amount of money in his possession belonging to the former does not amount to a liquidation of the account. It is a mere expression of belief. No facts or circumstances are alleged showing the source from which the money came into the plaintiff's possession nor by what right the defendant claims to own it. The plaintiff's debt is of a higher quality. It rests in a judgment. Until the defendant's right is fixed by a judgment or perhaps by an account agreed upon, his remedy is to proceed by action to recover the amount of his claim. The judgment thus obtained might be set off against the plaintiff's judgment of course, but as the case now stands, we see no basis on which the defendant's counterclaim could be asserted against the judgment. It may be unreasonable for the plaintiff to

refuse to credit money in his hands belonging to the defendant to the judgment, but the law does not permit the trial of an issue to determine how much the plaintiff owes the defendant on an open account for the purpose of giving the latter equitable relief as against the plaintiff's execution. For the reasons stated, the assignments of error are sustained and the order reversed.

TREXLER, KELLER and GAWTHROP, JJ., dissent.