## Henderson v. Oshirak, etc.

*J. Manley Robbins*, for plaintiff.

*J. Atlee Cryder*, for defendant.

KREISHER, P. J., February 7, 1946.—On December 1, 1944, plaintiff in the above captioned action filed a præcipe for an issuance of a summons in assumpsit, returnable to the third Monday of December, and at the same time filed plaintiff's statement of claim. On the same date the clerk of the courts issued the summons, and on December 5th the sheriff served defendant with the summons in assumpsit, together with plaintiff's statement of claim. Sometime thereafter, defendant took plaintiff's statement of claim to his attorney and paid him a retainer fee of $50 to defend the action. On December 20th, counsel for plaintiff and counsel for defendant filed an agreement to extend the time for filing an affidavit of defense to the second Monday of January, 1945. By reason of other pressing business matters, counsel for defendant failed to file an affidavit of defense, and on January 16th, which was at least one week after the time agreed upon for defendant to file the affidavit of defense, counsel for the plaintiff directed the prothonotary to enter judgment for plaintiff and against defendant, for want of an affidavit of defense, in the amount of $414, plus interest from May 1, 1943 and costs, which amount was claimed in the plaintiff's statement of claim. On July 19, 1945, plaintiff's attorney filed a præcipe for fieri facias on the judgment taken by default, whereupon the prothono-

tary issued a writ of fieri facias and delivered it to the sheriff, who served the same upon defendant, and at the same time levied upon defendant's property. On July 28, 1945, defendant filed his petition with the court to stay the execution, open the judgment, and permit defendant to file an affidavit of defense, at which time the court granted a rule on plaintiff to show cause why the judgment should not be opened and defendant let into a defense, staying all proceedings meanwhile, but directing that defendant file a bond in the amount of $700, conditioned that if defendant successfully defends the proceedings, it be discharged, otherwise to remain in full force and effect, so that the judgment would be satisfied from said bond. On August 9, 1945, plaintiff filed an answer to defendant's petition, and on October 27th the matter came before the court for hearing.

After hearing, the testimony was directed to be transcribed and the case placed on the argument list for argument. Counsel, however, have not seen fit to argue the matter before the court, and we will, therefore, dispose of the said matter without the benefit of argument by counsel.

From the testimony taken at the hearing in support of the allegations contained in plaintiff's petition, counsel for defendant readily admits the oversight and neglect on his part to file an affidavit of defense within the time agreed upon between the parties. He argues that his client should not suffer an injustice by reason of the neglect of his counsel. The court then proceeded to hear the testimony of defendant in regard to the defense to the action, and it appears from the testimony that defendant's only contention is that he has a counterclaim against plaintiff by reason of the fact that plaintiff is responsible for some money due defendant from a third party. Defendant testified as follows:

"Q. Now Mr. Henderson has taken judgment by default against you in the sum of four hundred four-

teen dollars. What have you to say as to whether you are indebted to Mr. Henderson in any sum of money?

"A. I do not owe Mr. Henderson four hundred fourteen dollars. I would like to explain, if I may, the history of this case as it is. May I proceed?

"Q. It is your contention then that the sum of four hundred fourteen dollars is in excess of any amount that you legally owe him?

"A. That is correct.

"Q. In your opinion, what do you owe him?

"A. I don't owe him anything, due to the fact that Mr. Henderson was associated with others that owes me now close to a thousand dollars which they have not paid.

"Q. In other words, due to your mutual dealings, Mr. Henderson in turn is indebted to you?

"A. He is responsible for a Thousand Dollars which was not paid to us."

An application to open a judgment is regarded as an appeal to the equitable power of the court. It must present sufficient reasons to appeal to the conscience of the court, and present such facts and circumstances as in equity and good conscience justify the relief prayed for. The authority of the courts to open a judgment should be exercised for the purpose of attaining justice between the parties.

One of the grounds considered by the court in determining whether or not to open a judgment is the existence of a defense to the action. It has many times been stated that the existence of a meritorious defense to the action is necessary to the opening of the judgment. This defense may be either legal or equitable, but it must be such a defense that if it had been introduced in the original action and sustained, would have the effect of defeating the action. However, not all defenses which would have this effect are grounds for opening the judgment.

In the case of Cooke v. Edwards, 15 Pa. Superior Ct. 412, 414-415, we find the following language employed by the court in its opinion:

"But assuming (against the fact) that the defendant has made out a contract with the plaintiff to pay board, the defense is a set-off. It might be utilized in proceedings anterior to judgment, but it is not available on a rule to open a judgment already entered. The mere fact that a person has a debt against his judgment creditor, gives the former no right, against the will of the latter, to apply the debt as a payment on the judgment. As said in Beatty v. Bordwell, 91 Pa. 438, 'No court would open a judgment merely on proof that the defendant had an account against the plaintiff equal to the amount of the judgment.' See also Rishel v. Crouse, 162 Pa. 3, Stroud's Appeal, 109 Pa. 326, and Thorpe v. Wegefarth, 56 Pa. 82. There is nothing proven in the case which would support the contention that there was an agreement that the board should be credited on the bond or the judgment entered thereon."

Likewise, in the case of Kramer v. Moss, 90 Pa. Superior Ct. 550, the court reaffirmed the holding in Cooke v. Edwards, that an unliquidated claim cannot be set off against a judgment. The court said, inter alia, on page 553, the following:

"It was said in Thorp v. Wegefarth, 56 Pa. 82, that to a judgment there can be no set off of a debt not in judgment; one judgment may be set off against another through the equitable powers of the court, but to a judgment ripe for execution there can be but one answer, that is payment pure and simple, and this applies as well to a judgment entered by confession as to one entered by adverse proceeding. This announcement of the law was reaffirmed in McKee v. Verner, 239 Pa. 69, as also in Beaty v. Bordwell, 91 Pa. 438; Cooke v. Edwards, 15 Pa. Superior Ct. 412."

Therefore, applying the facts of the case before us to the cases as above quoted, we are of the opinion that

it would be an abuse of discretion for the court to open this judgment. Any unliquidated claim which defendant might have against plaintiff and others, as he stated in his testimony, would give him a cause of action against plaintiff and the others, but he may not, under the authorities cited, assert that claim as a reason for opening a judgment already legally obtained against him, and upon which execution has been issued.

This being the case, we do not think it necessary to pass upon the question of the neglect of counsel to file an affidavit of defense within the stipulated time. The general rule in this regard is found in 7 Standard Pa. Practice, 74, sec. 80, and cases cited in the footnotes, wherein the authors state:

"A judgment by default may be opened, where there is no designed attempt to delay the disposition of the case, and where the failure to act is due to no fault or negligence on the part of the defendant himself, but results from the neglect, mistake, omission, or oversight of the defendant's counsel, who offers a reasonable excuse for his failure to act, such as uncertainty due to the recent enactment of a new practice act, his illness, his unavoidable absence due to illness in his family, other professional engagements, or the receipt of false information from the local attorney as to the settlement of the action, or where the failure to file the affidavit of defense was occasioned by negotiations between the attorneys. Among the reasons for the failure to act, which have been regarded as insufficient to secure the opening of the judgment, are included the absence of the attorney on his vacation, a mistake as to the required time for the filing of the pleading, the mislaying of the papers of the case in the office of the attorney, a statement of the plaintiff's counsel which misleads the defendant's counsel, and advice of counsel to the judgment debtor not to defend the action because he does not own any property, and that it is immaterial whether judgment is rendered against him. The appli-

cation to open the judgment by default on the ground of neglect, mistake, or omission of counsel has also been denied where the omission of the attorney was due to mere inadvertence or forgetfulness, and where a long period elapsed before the entry of judgment without any inquiry on the part of the defendant as to the status of the action."

### *Order of court*

And now, to wit, February 7, 1946, it is ordered, adjudged and decreed that the rule to show cause heretofore issued in the above captioned case is hereby discharged at the cost of defendant, and plaintiff may proceed to collect the debt, interest and costs from the bond heretofore filed by defendant.