## McKee, Appellant, v. Verner.

*Judgment—Opening judgment—Averments of petition—Answer.*

1. Where the averments of a petition for a rule to open a judgment are met by a flat denial in the answer, and no evidence is taken to support the petition, the averments therein must fall.

*Contracts — Illegal contracts — Sunday — Executed contract — Judgment note.*

2. Where a judgment note containing a warrant of attorney to confess judgment is executed and delivered on a Sunday, and

thereafter judgment is entered on the note, the court will not open such judgment merely because the note was made on Sunday.

3. A Sunday contract is contra bonos mores, and the law will not aid in its execution, but where it has been fully executed the law will decline to interpose and relieve the complaining party from the obligation of his agreement. In such a case the law leaves the parties where it finds them and will not assist in the execution of the contract nor avoid or set it aside if it has been fully carried out.

*Judgment—Opening judgment—Set-off of unliquidated claims.*

4. Where a judgment is given as collateral to secure the plaintiff's endorsements of the defendant's notes, the judgment must stand until the plaintiff is relieved from his liability on his endorsements.

5. A judgment will not be opened because the plaintiff is indebted to the defendant on unliquidated demands larger than the amount of judgment.

6. A debt not in judgment cannot be set off against a judgment, and this applies as well to a judgment entered by confession as to one obtained by adverse process.

Argued November 5, 1912. Appeal, No. 227, Oct. T., 1912, by plaintiff, from order of C. P., No. 2, Allegheny Co., Jan. T., 1909, No. 24, making absolute rule to open judgment in case of H. Sellers McKee v. Murray A. Verner. Before FELL, C. J., MESTREZAT, POTTER, STEW-ART and MOSCHZISKER, JJ. Reversed.

Rule to open judgment. Before FRAZER, P. J.

The opinion of the Supreme Court states the facts of the case.

*Error assigned* was order making absolute rule to open judgments.

*Thomas Patterson,* with him *Alvin A. Morris, Albert J. Walker* and *Harold Allen,* for appellant—A judgment entered upon warrant of attorney contained in a note should not be opened on the ground that the note was signed and delivered on Sunday: Baker v. Lukens, 35 Pa. 146; Whitmire v. Montgomery, 165 Pa. 253; Lee

v. Drake, 10 Pa. C. C. R. 276; Linden v. Hicks, 2 Luz. Leg. Reg. 101; Chestnut v. Harbaugh, 78 Pa. 473; McDonald v. Campbell, 3 Pitts. 554; Blystone v. Blystone, 51 Pa. 373.

A judgment entered upon warrant of attorney in a note should not be opened because of an alleged agreement that the note should not be entered up: Leslie v. Clark, 16 Pa. D. R. 297; Gillespie v. Webster, 180 Pa. 405; Philbin v. Davinger, 29 Leg. Int. 325; English's App., 119 Pa. 533; Lippincott v. Rittenhouse, 9 Montg. County 159.

A claim founded on simple contract cannot be set off against a judgment: Beaty v. Bordwell, 91 Pa. 438; Long v. Morningstar, 212 Pa. 458; Herman v. Holdeman, 25 Lanc. Law Rev. 406; Faber v. Maddock, 10 Del. County 481; Hershey v. McLaughlin, 17 Pa. Superior Ct. 87.

A judgment entered upon warrant of attorney ought not to be opened where the alleged matters of defense are based upon claims of set-off which are vaguely and not specifically stated and which are prima facie barred by the Statute of Limitations: Reilly v. White, 234 Pa. 115; Biernbaum v. Foster, 48 Pa. Superior Ct. 599; Taylor v. Gould, 57 Pa. 152; Hinkley v. Walters, 8 Watts 260.

A judgment should not be opened upon petition and answer alone when all the material allegations of the petition are denied by the answer: Jenkintown Nat. Bank's App., 124 Pa. 337; Augustine v. Wolf, 215 Pa. 558; Huppert v. Huppert, 224 Pa. 374; Cruzan v. Hutchison, 210 Pa. 88; Groninger v. Acker, 32 Pa. Superior Ct. 124; Black v. Black, 14 Pa. D. R. 143; Boyd v. Kirch, 234 Pa. 432; Willis v. Dockstader, 11 Pa. D. R. 786; Salsberg v. Mack, 6 Kulp 337; Baxter v. Juris, 10 Kulp 267.

*Walter Lyon,* with him *John P. Hunter,* for appellee. —The claim of defendant against plaintiff arises out of mere contract relations, and we concede that such

a claim cannot be set off against a judgment, and we are not asking the court to do so; but it being conceded that the judgment in this case was given as collateral to secure endorsements of commercial paper, which, upon settlement of accounts between the parties, will be paid, it follows that the pledge of the collateral has been fulfilled, the collateral should be returned and the judgment should be satisfied. The judgment, therefore, should be opened to permit the defendant to prove these facts: Heist v. Tobias, 182 Pa. 442.

The law in Pennsylvania is that an executory contract made on Sunday is void, but a contract made on Sunday and executed is good. The note upon which the judgment in this case was confessed, contained two executory contracts: one a promise to pay money, the other a power of attorney to confess judgment. Upon entering the judgment the power of attorney became executed, but the promise to pay is still unfulfilled and that contract remains executory, and is void: Whitmire v. Montgomery, 165 Pa. 253; Baker v. Lukens, 35 Pa. 146.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

By virtue of a warrant of attorney, the plaintiff, on October 12, 1908, entered judgment in the court below against the defendant on a note for $145,000, dated February 25, 1907, and, payable sixty days after date  In May, 1910, the defendant presented his petition to the court, and obtained a rule on the plaintiff to show cause why the judgment should not be opened and he be let into a defense. Paragraph 4 of the petition, after reciting that the parties had had intimate business dealings for many years, had loaned each other money and endorsed each other's commercial paper, reposed confidence in each other, and each had given the other his notes, averred as follows: "So that in February, 1907, the said McKee being endorser upon seven notes of the petitioner—two for $30,000 each, two for $25,000 each, one for $20,000, one for $10,000, one for $5,000, and in

all aggregating the sum of $145,000—induced the petitioner, for the reason stated then by said McKee, of satisfying his wife, to give him a certain judgment note in the sum of $145,000 to hold as collateral to secure the payment of the aforesaid notes upon which said McKee was endorser; and on Sunday, the twenty-fourth day of February, 1907, the parties met and the petitioner signed and delivered to said McKee his certain note, dated the twenty-fifth day of February, 1907, which is the note upon which the judgment in this case is confessed; the said note being given with the distinct understanding and agreement between the parties that judgment should not be confessed thereon, and merely for the purpose, as said McKee then stated, of satisfying his wife, who was nervous and worrying over his business affairs." In the fifth paragraph of the petition it is averred that two of the notes aggregating $35,000 on which the plaintiff was endorser and which the judgment was given to secure had been paid by the petitioner.

In his answer the plaintiff admits the averment in the fourth paragraph of the petition that the judgment note was given as collateral to secure the plaintiff for endorsement of the several notes therein set forth, but denies all the other allegations in said paragraph except that he is not advised as to whether the note was signed and delivered on Sunday. The answer admits the averment in the fifth paragraph of the petition that two of the notes on which the plaintiff was endorser, aggregating $35,000, had been paid by the petitioner.

It will be observed by the petition and answer that the note on which judgment was entered was given as collateral to secure the plaintiff as endorser on certain notes of the defendant, and that, with the exception of $35,000, the notes remain unpaid and that the plaintiff is still liable thereon. It will also be observed that the defendant alleges in his petition that the note was executed and delivered with the understanding that judgment should not be confessed thereon, and that it was

executed and delivered merely for the purpose of satisfying the wife of the plaintiff. These allegations are met by a flat denial in the answer. There was no evidence taken to support the petitioner's averments and to contradict the respondent's denial, and, hence, there being oath against oath, the averments must fall. This is the well-settled rule in this State, and, being applied here, the facts disclosed by the petition and answer are that the judgment was entered on a note given by the defendant to the plaintiff to secure the latter for his endorsements, only two of which have been paid, leaving unpaid and on which he is still liable notes aggregating $110,000 with interest.

The defense set up in the petition that the note was illegal by reason of its having been executed and delivered on Sunday cannot avail the defendant in this proceeding. The agreement contained in the warrant of attorney to confess judgment was attached to and a part of the note and when the judgment was entered by virtue thereof the agreement was executed. The plaintiff is not asking the court to enforce the contract of indemnity contained in the note, but simply resisting the application to strike off the judgment which was the result of carrying out the defendant's agreement that a judgment should be entered on the note. When the judgment was entered the agreement was fully executed. A Sunday contract, it is true, is contra bonos mores, and the law will not aid in its execution, but where it has been fully executed the law will decline to interfere and relieve the complaining party from the obligations of his agreement. In such case, the law leaves the parties where it finds them and will not assist in the execution of the contract nor avoid or set it aside if it has been fully carried out.

The petition details at some length many business transactions in which the plaintiff and the defendant were interested and in which, it is alleged, millions of dollars were involved. It also avers, as suggested above,

that during the time the parties were associated together they made and endorsed each other's notes in large amounts and that the defendant holds the plaintiff's note for $80,000 which is due and unpaid. A suit is now pending in the City of New York on this note to which the plaintiff in this judgment has entered a defense. The sum of the averments of the petition is that by reason of these several business transactions, not alleged to be in any way connected with the notes endorsed by plaintiff, the latter is largely indebted to the defendant over and above the amount of the note over which this controversy arises. If, however, these averments be correct, they furnish no ground whatever for opening the judgment in this case. In the first place, it is conceded by both parties that the judgment was given as collateral to secure the plaintiff's endorsements of the defendant's notes. It is, therefore, immaterial what amount the plaintiff may owe the defendant, the judgment must stand until the plaintiff is relieved from his liability on his endorsements. The only answer to that judgment by the defendant is that the notes on which the plaintiff is endorser have been paid or that he has otherwise been relieved from liability. The contract authorizing the entry of judgment against the defendant as collateral security is supported by a valuable consideration, and the court cannot set aside or avoid it and thereby deprive the plaintiff of the protection which it gives him. In the second place, if, as the defendant asserts, the plaintiff is largely indebted to him, not by judgment, over and above the amount of the judgment in controversy, neither the defalcation act nor the equitable powers of the court authorize such indebtedness to be set off against the judgment. If there is anything settled in this jurisdiction it is that a debt not in judgment cannot be set off against a judgment. As said by Mr. Justice Agnew in Thorp v. Wegefarth, 56 Pa. 82, 85: "To a judgment there can be no set-off of a debt not in judgment. One judgment may be set off against an-

other, through the equitable powers of the court, but to a judgment ripe for execution, there can be but one answer, to wit, payment pure and simple." This applies as well to a judgment entered by confession as to one obtained by adverse process. If it be true, as the defendant alleges, that he has claims against the plaintiff, including the $80,000 promissory note, he may prosecute them to judgment, and then invoke the equitable powers of the court against a like judgment held by the plaintiff. He cannot, however, under the established practice in this State set off his unliquidated demands against a judgment held by the plaintiff.

Counsel for the plaintiff frankly stated at bar that there was no intention to issue execution on the judgment unless it was necessary to protect the plaintiff against his endorsements. Some of the notes on which the plaintiff is endorser have been paid, and when the defendant has satisfied the other notes or relieved the plaintiff from liability as endorser thereon, he will be entitled to have the judgment in this case satisfied.

The order of the court below making absolute the rule to open the judgment and let the defendant into a defense is reversed and set aside at the costs of the appellee.