## Brown et al. *v.* Bray et al., Appellants.

*Judgments—Opening of—Judgment for want of an affidavit of defense—Unliquidated counter-claim—Discretion of court.*

On a rule to open a judgment entered for want of an affidavit of defense it appeared that the petition was presented more than two months after the judgment had been entered. It also appeared that the defendant knew his rights in the matter while he still had time to act and that on the return day of the writ he acknowledged the debt and arranged the manner of its payment. The defense offered was in the nature of an unliquidated counter-claim in an amount greater than the judgment, and which did not arise out of the same transaction.

Under such circumstances the trial court did not abuse its discretion in refusing to open the judgment.

A judgment will not be opened because the plaintiff is indebted to the defendant on unliquidated demands larger than the judgment.

Argued December 8, 1926. Appeal No. 71, October T., 1926, by defendants from judgment of C. P. Northampton County, July T., 1925, No. 14, in the case of L. Renton Brown, Elizabeth M. Egbert and The Brown Company, Assignee of Frank B. Brown and Robert A. Brown to the use of Vendor Slate Company v. Charles R. Bray and John B. Parsons. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment. Before STOTZ, J.

The facts are stated in the opinion of the Superior Court.

Rule was discharged. Defendants appealed.

*Error assigned* was the order of the court.

*Kent and Rockwell* for appellants, cited: Spiess App. v. Mooney, 67 Pa. Superior Ct. 9; Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122; Breden v. Gilliland, 67 Pa. 34; Flaccus Leather Co. v. Heasley, 50 Pa. Superior Ct. 127; Weber, App., v. Roland, 39 Pa.

Superior Ct. 611; Kemper v. Richardson, 72 Pa. Superior Ct. 115.

*Kirkpatrick & Maxwell* for appellee, cited: Beaty v. Bordwell, 91 Pa. 441; Stroud's Appeal, 109 Pa. 326; Pollard et al. v. Stein, 81 Pa. Superior Ct. 374; Thorp v. Wegefarth, 56 Pa. 82; McKee v. Verner, 239 Pa. 69.

OPINION BY TREXLER, J., March 3, 1927:

This suit was started on June 8, 1925, by L. Renton Brown and others to the use of the Vendor Slate Company against Charles R. Bray and John B. Parsons. A statement was filed the same day and duly served on the 10th day of June. On June 15, 1925, an appearance for the defendants was entered by the attorneys who are still representing them and on July 14, 1925, judgment against John B. Parsons was entered for want of an affidavit of defense. On October 3, 1925, an affidavit of defense was filed on behalf of both defendants and on the 31st of October, there was a petition presented by John B. Parsons by his attorneys asking that the judgment entered against him on July 14th be opened and that he be let into defense. There were depositions taken; the court refused to open the judgment and from that decision, this appeal is taken.

An examination of the deposition discloses the following: The petitioner, when he was served with a summons, obeyed the mandate of the writ and being without an attorney presented himself at court on the return day and stayed there that day until the court adjourned. Then, on the same day, he went to the Vendor Slate Company, the assignee of the claim, and the use plaintiff and had a conversation with its president and the company's attorney. He admitted the claim and promised to pay it in monthly installments. He knew he owed the money and was informed that

judgment could be entered against him. These facts appear in the defendant's own testimony. The only thing to qualify the effect of this statement is that Parsons testifies that the plaintiff promised "We will see you again before anything happens." The court could, however, conclude from the weight of the testimony that no such promise was made. Even were such promise made, there was no consideration for it.

The defense offered is in the nature of a counterclaim. It appears that the Vendor Slate Company had an arrangement with Bray and Parsons, the defendants, that they would purchase all the roofing slate output from the quarry at the general market prices prevailing and that they were to pay the defendant a certain amount for the product, after certain adjustments. The sum which is claimed to be due is unliquidated, the ascertainment being dependant upon the fair and reasonable price of the items entering into the account. The defendant, Parsons, made no such claim when he discussed his debt with the plaintiff's attorney. The counter-claim does not arise out of the same transaction and originally was not between the same parties who entered into the agreement under which the royalty became due, but is now between the actual parties to the suit for the reason that the Vendor Slate Company, whose property was levied upon by the lessors for the amount due for royalty paid the claim and took the place of the lessors by taking an assignment of the claim.

The appellant argues that the court as chancellor should open the judgment and send all the parties to one jury and thus avoid a separate suit for the counter-claim and the whole matter would be adjusted in one trial. This reason hardly commends itself, for it has been definitely held that a judgment will not be opened because the plaintiff is indebted to the defendant on unliquidated demands larger than the judgment. Mc-

Kee v. Verner, 239 Pa. 69; Beaty v. Bordwell, 91 Pa. 438, 441.

The decision of the question was within the sound discretion of the lower court. Under the testimony submitted, the court was right in concluding: "that whatever may have been the defendant's idea in going to the court house on the return day, whether to interpose a defense, or merely to attend because he thought he was commanded so to do, he knew his rights in the matter while he still had time to act, and thereupon acknowledged his debt and agreed that judgment should be taken against him, and even arranged the manner of its payment. He was in no wise misled by the plaintiff, and the judgment is not in any sense a 'snap' judgment." Furthermore, as we have already observed the counter-claim being unliquidated and not growing out of the same transaction afforded no ground to move the court to open the judgment.

The order of the lower court is affirmed.