## Baird et al., Appellants, v. Otto et al.

*Judgments — Opening — Evidence — Unliquidated claims against judgment creditor — Effect on judgment — Discretion of Court.*

Unliquidated claims cannot be considered as proper reasons for opening a judgment. The mere fact that a person has a debt against a judgment creditor gives the former no right against the latter, to apply the debt as payment to the judgment.

A judgment entered on a warrant contained in a note was improperly opened on the ground that the defendants, under a subsequent purchase, in no way related to the note, had a claim, for certain refunds, the amount of which was not definitely stated.

The discretion of the Court to open judgments is very extensive but it must rest upon the foundation of competent evidence.

Argued April 19, 1927. Appeal No. 69, April T., 1926, by plaintiff from judgment of C. P. Cambria County, June T., 1924, No. 83, No. 15 Execution Docket, in the case of Robert L. Baird, W. C. Hanton

and Paul J. Nowland, Trustees in Bankruptcy of the Carlisle Tire Corporation, Bankrupt, v. H. D. Otto and John J. Martin, trading and doing business as the Tire and Accessories Co. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Rule to open judgment. Before EVANS, P. J., McCANN, J., and REED, P. J., O. C.

The facts are stated in the opinion of the Superior Court.

The Court ordered the judgment opened. Plaintiff appealed.

*Error assigned* was the order of the Court.

*William H. Burd,* for appellant.

*D. P. Weimer,* for appellee.

OPINION BY TREXLER, J., July 8, 1927:

The lower court opened the judgment. As we are reversing an order in a matter which is largely within the discretion of the lower court, we will discuss the evidence at some length. The note, in question, was dated April 17, 1922; signed by the Tire & Accessories Company, H. D. Otto and John J. Martin; was payable June 10th, 1922, to the order of the Carlisle Tire Corporation for fifteen hundred dollars and contained a warrant of attorney to confess judgment. Judgment was entered March 15, 1924, and a petition to open was presented March 27, 1927, in which it was alleged that the note had been paid:—$500 on the 17th day of May, 1922, and $1,000 at its due date, June 10, 1922.

In answer to the rule, the plaintiff admitted receipt of these sums, but stated that they were on account of other obligations held by them. The defendant then amended its petition by stating "it is true that the payments alleged in the petition to open the judgment

were paid on the $2,000 note," but allege that the $1,500 note in question had been fully paid and was now merely held by the plaintiff as collateral security and there was a distinct understanding that it was so held and that the balance apparently due on the. note was more than offset by a claim for defective tires which had been purchased from the plaintiff.

In support of the rule, John J. Martin, a member of the firm, testified that his firm had purchased tires of the plaintiff and had given them two notes of $2,000 and $1,500, respectively. That they had wiped out the $2,000 note and allowed the plaintiffs to keep the $1,500 note for collateral security as they had purchased a lot of tires. It was asked "Did you owe them anything after you had paid off the $2,000?" Answer, "Only the $1,500 note which they held." He then states that the bill for the tires was $1,937.15 and that they paid $437.15 which left the amount $1,500. This balance was left open and the defendant was allowed to hold the note as collateral. The witness does not testify that the defendant entered into any agreement to that effect. Subsequently, forty-one tires, amounting to $843.89, were returned and credit given on the note. The remaining forty-seven tires, witness states, they were forced to replace or refund the money and eighteen tires for which they had to refund the money were still in his place of business and if they were allowed credit by reason of the defective tires and replacements, the balance due on the note would be wiped out as the claim would amount to double it.

There is a weakness in Martin's testimony which is very apparent. If he paid the judgment, he cannot prove that fact by his bald assertion that it was paid. His original petition stated facts that would show payment, but in his amended petition, he admits that his previous allegation as to particular payments which would have extinguished the notes was incorrect, but

still persists in saying that the $1,500 note was paid but offers no proof of how the payment was made. His duty was to prove payment and retention of the note by the payee before he could prove that it was allowed to remain in the payee's possession for a balance owing on a bill contracted July 13, 1922, after the maturity of the note. An examination of the evidence as to the note having been held as collateral displays the same absence of proof. There is a letter produced, dated May 5, 1922, in which reference is made by the defendant that the plaintiff holds papers in excess of the amount owing and asks that all papers be returned except the two notes of $2,000 and $1,500. The latter was evidently the note in question whose due date was June 10, 1922. There is no question that it was still owing at that time. The letter is followed by others in which there are direct promises to pay the note when due; a request for forbearance for a few days and a promise to pay at least part and give a new note for the balance; another request for forbearance for a few weeks and promise to pay at least part; and in all of them not a claim that the note is not a valid debt.

In none of the correspondence produced was there any reference made to defective tires. The lower court in its opinion claims to lay weight upon the fact that although these letters show that this note was not given as collateral, that Martin, the witness, said that they did not include all correspondence between the parties. We must consider the case upon the evidence submitted. If the plaintiffs desired to have the other letters brought to the attention of the court, they could have readily obtained the means to do so.

We are, therefore, met with the proposition that this judgment should be opened because the defendants, under a subsequent purchase in no way related to this note, have a claim, the amount of which is not definitely

stated, for certain refunds they had to make to customers by reason of defective tires and for tires which they had the right to return to the plaintiffs, but which they were unable to return for the reason that the plaintiffs had gone into bankruptcy.

The law seems to be well settled that unliquidated claims of this kind cannot be used in an attempt to open a judgment. The mere fact that a person has a debt against a judgment creditor, gives the former no right against the latter to apply the debt as payment of the judgment. Pollard & Brant, Inc., v. Stein, 81 Pa. Superior Ct. 377; Beaty v. Bordwell, 91 Pa. 441; Rishel v. Crouse, 162 Pa. 3. "The discretion of courts to open judgments is very extensive, but it must rest on a foundation of competent evidence." Woods v. Irwin, 141 Pa. 278.

The defendants may have a defense to the note, but it does not appear on the record submitted. If the defendants would present the same evidence on the trial which we have upon this record, it would be the duty of the court to give binding instructions for the plaintiff.

The order, opening the judgment, is reversed, the appellee to pay the costs.