## Harrison *v.* Stoeckert, Appellant.

Argued November 21, 1951. Before DREW, C. J., STERN, STEARNE, LADNER and CHIDSEY, JJ.

*Thomas C. Moore,* with him *John R. Verbalis,* for appellants.

*Louis Shaffer,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1952:

These are appeals by joint defendants, husband and wife, from an order of the Court of Common Pleas of

Luzerne County discharging a rule to open judgment entered on the bond accompanying a mortgage.

Defendants had executed this mortgage in favor of plaintiff Celia Harrison, daughter of Hyman Landau, in the amount of $24,000 on January 23, 1947. They received and applied the consideration as follows: (1) $10,250.00 was applied to satisfy a prior mortgage between the same parties on the same premises; (2) $11,- 136.50 was paid to Landau's, Inc., of which Hyman Landau is president, for jewelry purchased by wife-defendant at various times prior to the date of the mortgage; (3) defendants received $2,209.42 in cash. The transaction was concluded in the office of Louis Shaffer, attorney for Hyman Landau as well as for plaintiff. Payments of principal and interest on the mortgage were made directly by defendants to Hyman Landau. Plaintiff is named mortgagee and the mortgage payment checks were drawn payable to her although delivered to Hyman Landau, but plaintiff has had no other connection with the entire transaction.

In April, 1949, defendants being delinquent on mortgage payments, wife-defendant delivered to Hyman Landau certain jewelry, which she had originally purchased from Landau's, Inc., for the purpose of having Landau sell the jewels and apply the proceeds to payment of the mortgage. There is a conflict of testimony concerning the true value of the jewels and the exact nature of Landau's instructions respecting the manner of sale. Landau says that he sold the jewels for the best possible price, although he received only about one-fourth of the price which defendant had originally paid him for the jewels. Defendants contend that the sales price which Landau reported and credited to them on account of the debt is so inadequate as to reveal either that no sale was ever made or that a sale was made in violation of the agreement

of the parties. Their petition to open judgment con-
cludes with the statement that because of this sale
"there is a balance due your petitioners over and above
the amount then and now due on said mortgage and
bond." The sum credited to payment of the mortgage
as a result of the sale of defendant's jewelry was only
a small fraction of the indebtedness. When defendants
continued to be delinquent, plaintiff entered judgment
on defendants' bond on May 17, 1949, and issued exe-
cution on December 14, 1950. Defendants thereupon
filed their petition to open judgment, and depositions
were taken by both parties. Oral argument before the
court in banc resulted in the order discharging defend-
ants' rule to open judgment.

The controlling issues, therefore, are: 1.—Is Hyman
Landau the real owner of the mortgage here involved?
Unless this be true, Landau is a stranger to this rec-
ord, and no wrongdoing of *his* can affect the claim of
his daughter against these defendants. 2.—If Landau
is the real owner, should this judgment be opened to
permit the defendants to establish a set-off, thus far
unliquidated, which they have against him?

The first of these issues is solely one of fact. The
parties presented conflicting testimony to the court be-
low sitting as chancellor. Defendants offered testi-
mony that all dealings of defendants respecting this
mortgage were had with Landau rather than with his
daughter, the named mortgagee. Landau's explana-
tion is that his daughter gave him the money to invest
for her, and that he negotiated this transaction on her
behalf. The court below pointed out that even if Landau
advanced his own money, it may be that he chose to
make a gift of defendants' obligation to his daughter.
In view of this conflict in the testimony we accept the
finding of the chancellor that Celia Harrison is the
real owner of the mortgage and consequently must dis-

regard any claim of defendants against her father. This conclusion alone would compel us to affirm the order of the court below.

But even if defendants' contention that Landau was the real owner of this mortgage should be accepted, our conclusion with respect to the second issue would still require us to affirm. Viewing the evidence in the light most favorable to defendants, all that can be said is that defendants have an unliquidated claim against Hyman Landau arising out of his alleged misappropriation or improper sale of defendant's jewelry. The rule is well-settled that the existence of an unliquidated set-off or counterclaim is not ground for opening a judgment. In *Thorp v. Wegefarth,* 56 Pa. 82, 85, this Court said: "To a judgment there can be no set-off of a debt not in judgment. One judgment may be set off against another, through the equitable powers of the court but to a judgment ripe for execution, there can be but one answer, to wit, payment pure and simple." See also: *Pollard & Brant, Inc., v. Stein,* 81 Pa. Superior Ct. 374; *Brown v. Bray,* 90 Pa. Superior Ct. 180; *Baird v. Otto,* 90 Pa. Superior Ct. 452, 456; *Kramer v. Moss,* 90 Pa. Superior Ct. 550. In *McKee v. Verner,* 239 Pa. 69, 76, 86 A. 646, it was decided that "This applies as well to a judgment entered by confession as to one obtained by adverse process."

If defendants' testimony is true, they may have a remedy elsewhere, but they cannot be permitted to disturb a judgment entered on an admittedly valid mortgage because of a dispute over the sales price of jewelry.

A petition to open judgment is equitable in nature and addressed to the judicial discretion of the trial court: *Mutual Building and Loan Association of Shenandoah v. Walukiewicz,* 322 Pa. 240, 185 A. 648; *Keystone Bank of Spangler v. Booth,* 334 Pa. 545, 6 A. 2d 417; *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691. No abuse of discretion is apparent.

Order affirmed at appellants' costs, without prejudice to appellants to make claim against Hyman Landau concerning the sale or misappropriation of the wife's jewelry.