## Mairoiello v. Macchia

*J. Singer*, for plaintiff.

*M. C. Rainone*, for defendant.

FLOOD, J., July 18, 1952.—If we had followed the procedure adopted in Keller v. Trout, 17 Dist. R. 326 (1908), and Handrick v. Billings, 24 Pa. C. C. 64 (1901), we should have dismissed the petition. Rather than do this, we felt that we should merely order that pleadings be filed and the case go to trial on the merits to save plaintiff the cost of filing a new suit. Defendant has raised no objection to this procedure and, therefore, we do not think it necessary to modify it by dismissing the petition.

Plaintiff objects that since a prima facie case was established by depositions, we should permit judgment to be entered for him. Nothing in any of our cases except dictum supports this position. We think it would be manifestly inequitable to permit him to enter judgment in this case. If we did so defendant could only establish his counterclaim by a supporting plenary suit. Judgment, once entered, cannot be opened to allow defendant to establish a counterclaim: McKee v. Ver-

ner, 239 Pa. 69 (1913) ; see also Harrison v. Stoeckert, 369 Pa. 143 (1952). In view of all of the facts in the case, particularly the fact that plaintiff failed to attempt to enter judgment upon his note for over 20 years after its date, we think it would be grossly unfair to give plaintiff the advantage of a confessed judgment which could not be opened to prove a counterclaim. Equity requires that both parties be required to prove the presumptively stale claims which they make against each other.

The rule is discharged.