## Kennett Credit Co. v. Graybeal

*Milton Apfelbaum*, for plaintiff.
*Perna & Delduco*, for defendant.

KURTZ, J., January 31, 1963.—Alda Graybeal has presented her petition, upon which a rule issued, praying that a judgment against her in the amount of $600 in favor of Kennett Credit Company, entered upon a note containing a warrant of attorney to confess judgment, dated October 26, 1953, be opened so that she might interpose a defense to the claim for the amount

of that judgment. She avers, inter alia, that on said date she requested a loan of the plaintiff to purchase a car for her minor son, the automobile to cost $450, "and for sufficient funds with which to pay for insurance coverage for public liability insurance, collision and comprehensive coverage"; that plaintiff "required as a condition of the loan that collision and comprehensive insurance be purchased for the said automobile"; and that "plaintiff agreed to purchase all the aforesaid insurance." She further averred "that as a further condition Plaintiff required the signing of a judgment note in the amount of Six Hundred ($600) Dollars to cover the cost of the car and insurance aforesaid, which note your petitioner did sign." Petitioner further asserts that plaintiff did not procure the necessary insurance; that the car for which the insurance was to be obtained was damaged in a collision; and that because plaintiff breached its contract to obtain such insurance petitioner is relieved from the payment of the debt.

In support of that contention, she testified. "The agreement was that they would purchase the insurance and I had nothing to worry about because I stated over several times that I wanted to be sure that I had insurance, that I would be covered so as there would be nothing that in case there was an accident or anything that it wouldn't fall back on my husband"; that Mr. Goddu, plaintiff's representative, "replied that they would take care of it"; that petitioner relied upon what Goddu told her; that no mention was made of the fact that if they (plaintiff) could not provide insurance for her she would go elsewhere to get it herself; and that she would not have taken the loan without the assurances from Mr. Goddu concerning insurance.

Her only supporting witness, the seller of the automobile, testified: "I remember that Mrs. Graybeal was a little nervous about it because her husband wasn't

aware of this transaction; and so since she was very nervous she wanted to have a full coverage of insurance and she made that very plain"; that Mrs. Graybeal told Mr. Goddu that she had to have the full insurance coverage; that he, the witness, didn't remember Goddu's exact words, but "it was stated that he had some insurance companies which they could place this with, which could take over this policy, and the way I remember it, there was money—to be money in the loan; the difference between $450 and $600 was to cover the interest and so on and the insurance."

As stated in her brief, petitioner's position is as follows: "The Plaintiff was to lend the money, take care of the transfer of title and registration, and most importantly, to procure complete insurance coverage for the Petitioner. The Petitioner agreed to sign the note if the above conditions were satisfied and, after being so assured, she did sign the note which is the subject of this cause. The obligations here were certain and not vague or indefinite; the parties had agreed upon the necessary details of the bargain and, hence, a contract had been made." She contends further that consideration is found in the benefit to the party promising, or loss to the party to whom the promise is made; here plaintiff's promise to secure insurance was part of the consideration for petitioner's accepting the loan and when insurance was not obtained, there was a failure of consideration which relieved petitioner from the repayment of the loan.

In making an application of this kind, petitioner must not only show a valid defense to the claim giving rise to the judgment sought to be opened, but also equitable considerations which would justify a court of equity in entering a decree: Best TV, Inc. v. Simberg, 390 Pa. 142 (1957); Ehnes v. Wagner, 388 Pa. 102 (1957); Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections, 386 Pa. 50 (1956).

We are not satisfied that she has a valid defense to plaintiff's claim.

We point out first that she borrowed money from plaintiff for which she delivered a note to it containing the terms of repayment. A portion of that money was used in the payment of the purchase price of the automobile purchased for her son; some of it was used in obtaining a portion of the insurance coverage which she now contends plaintiff was obligated to procure, and the balance was either delivered to her or credited against the payment of the note. She has had the use of the money borrowed and she has not repaid it. Even though we find that there was an obligation to procure insurance imposed upon plaintiff as a result of the transaction into which it entered with Mrs. Graybeal, and we have grave doubt that we can so find on the basis of the instant record, plaintiff's failure to perform that obligation would not justify petitioner in her refusal to repay the loan according to the terms of the note. Plaintiff's performance was not a condition precedent to petitioner's payment: Sharp v. McKelvey, 196 Pa. Superior Ct. 138 (1961); Britex Waste Company, Ltd. v. Nathan Schwab & Sons, Inc., 139 Pa. Superior Ct. 474 (1939). If plaintiff is guilty of some breach of a contractural obligation, petitioner may sue it for the loss thereby occasioned. She may also assert the breach by way of counterclaim or set-off should plaintiff sue her. However, she may not have this judgment opened so that her counterclaim or set-off may be asserted in opposition to its collection.

It has been firmly established in this Commonwealth that the existence of an unliquidated set-off or counterclaim is not a ground for the opening of a judgment. "To a judgment there can be no set-off of a debt not in judgment. One judgment may be set off against another, through the equitable powers of the court, but to a judgment ripe for execution, there can be but one

answer, to wit, payment pure and simple": Thorp v. Wegefarth, 56 Pa. 82, 85 (1868). See also Harrison v. Stoeckert, 369 Pa. 143 (1952), and cases there cited.

In view of the foregoing, we conclude that the judgment here under attack may not be opened. For the same reasons we need not now consider whether the statute of limitations has run against any claim for breach which petitioner may seek to assert against plaintiff. If and when such a cause of action is properly asserted, that question may be raised.

We think also that petitioner's assertion of a misrepresentation by plaintiff that it had procured the insurance which she asserts it contracted to procure does not amount to an allegation of fraud. Even if it did, no fraud has been proven by the testimony. We here consider the allegation so made to be no more than a reassertion of plaintiff's alleged breach of contract. We have already disposed of that contention. Accordingly, the following order is entered:

### Order

And now, to wit, January 31, 1963, the rule heretofore allowed on November 18, 1961, directed to Kennett Credit Company to show cause why the judgment entered in its favor against Alda Graybeal should not be opened is hereby discharged at petitioner's cost.