## Hand v. Hand

*Charles Duncan*, for plaintiff.
*Robert V. Moser*, for defendant.

TROUTMAN, J., October 5, 1964.—This court, sitting in the court of quarter sessions on August 13, 1963, directed that William Hand, defendant in this judgment, pay to his wife for the support of herself and their three minor children the sum of $48 per week.

The order was not paid in its entirety, with the result that arrearages accumulated.

The arrearages which occurred on account of the nonpayment of the support order were certified to the court of common pleas of this county in the form of a judgment and the same was indexed in that court. Plaintiff caused execution to be entered on said judgment and in pursuance thereof, the sheriff levied on a 1959 four-door Chevrolet sedan owned by defendant.

Defendant, William Hand, on September 21, 1964, presented his petition for a rule to show cause why the judgment entered to September term, 1964, no. 803, should not be opened, and the writ of execution issued to September term, 1964, no. 40, be stayed until the final adjudication of the said rule. The court granted the rule as prayed for in the said petition, stayed the execution proceedings and made the rule returnable September 28, 1964.

On September 28, 1964, plaintiff presented a motion to dismiss the petition to open the judgment and stay of execution, assigning as the reason therefore that the defendant alleges no valid reason in his petition why the said rule should be granted.

The petition to open the judgment avers that the judgment was entered upon an alleged arrearage of support in the sum of $689 based on the sum of $48 per week, and that the defendant paid the sum of $35 per week for the reason that he was unable to pay a larger amount because of his limited income. The petitioner further alleges that he is unable to make additional payments by reason of the fact that he has removed from the common domicile and that because of his increased expenses, his funds are not sufficient to make full payment of the order of support.

The record of the entry of the judgment in this case is self-sustaining, having been entered in accordance with the provisions of the Act of May 8, 1901, P. L. 143, 12 PS §1001. The basis of defendant's petition to

open the judgment is that the order entered in the court of quarter sessions was too high for the defendant to meet and that he was able to pay only $35 per week because of his limited income and, in effect, urges the court to set off the amount of arrearages which is the amount of the present judgment.

Defendant is asking to have the court in this proceeding retroactively reduce an order of support entered in the court of quarter sessions. This court, as a court of common pleas, has no jurisdiction to revise the order of support. Defendant has arbitrarily fixed his obligation of support at $35 per week. The difficulty in which defendant now finds himself is of his own making in that he could have petitioned the court of quarter sessions for a rule to show cause why the order of support should not be reduced in the light of his alleged insufficient income. Whether the court of quarter sessions would have reduced the order from $48 per week to $35 per week, or reduced it in any amount whatsoever, is problematical. It is well settled that the existence of a nonliquidated set-off or counterclaim is not grounds for opening a judgment: Harrison v. Stoeckert, 369 Pa. 143.

The petition in this case does not allege a meritorious defense. To open a judgment, a meritorious defense must be averred, impressing the court with need for relief: Carrozza v. Girard Chevrolet Company, 200 Pa. Superior Ct. 502, 505. Consequently, defendant's rule to open the judgment must be discharged and the order staying the writ of execution must be vacated.

*Order*

And now, to wit, October 5, 1964, the motion of plaintiff to dismiss the petition and rule to open the judgment and stay execution is allowed, and the rule to show cause why the judgment should not be opened is hereby discharged and the order staying the writ of execution vacated.

Let an exception be noted for defendant.