## G.A.C. Credit Corporation, Appellant, *v.* Acme Accordion Studios, Inc.

Argued September 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Melvin Rubin,* for appellant.

*Thomas F. Wilson,* with him *William G. Giltinan* and *Wilson and Giltinan,* for appellee.

OPINION BY SPAULDING, J., December 13, 1971:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County opening a judgment of $15,213.36 confessed against the corporate appellee Acme Accordion Studios, Inc., in January 1970.[1]

The appellant corporation, which is engaged in the business of lending money, financed appellee's purchases of musical instruments, television sets, and related electrical equipment from Sylvania Electric Products, Inc. Appellee executed documents evidencing the debt, providing security in the form of trust receipts, and authorizing confession of judgment in the event of

---

[1] Entered pursuant to Pa. R. C. P. 2959 (1971).

default. Arrangements for this financing were made by Sylvania so that appellee could become one of its franchised retail dealers. After some time, appellee and Sylvania terminated their arrangement, at which time there was a balance due appellant for merchandise sold by appellee out of trust. Pursuant to the signed authorization, when appellee refused to pay, appellant confessed judgment for the unpaid balance.

When a sheriff's levy on appellee's inventory and posting produced no response, appellant commenced garnishment proceedings and attached a bank account of appellee. This resulted in appellee's filing a petition to strike or open judgment, on which the case was heard in the court below. Appellee admits the indebtedness and amount owed appellant and has stipulated to the fact that there is no legal relationship between Sylvania and appellant, which admittedly finances many other similar purchases of merchandise from numerous other manufacturers under analogous financing agreements.[2] Appellee maintains that all of its financing arrangements with appellant[3] were made through Sylvania and that it therefore should be able to assert as defenses unliquidated claims which it allegedly has against Sylvania for credits and breach of contract.

A petition to open judgment is an appeal to the equitable side of the court and to the court's discretion. *Fox v. Mellon,* 438 Pa. 364, 366, 264 A. 2d 623 (1970),

---

[2] At depositions, appellee stipulated that appellant is a finance company while Sylvania is a manufacturer of electronic products; that there is no legal relationship between the officers, directors, or ownership interests of the two companies; and that "there is no relationship between the corporations". (R. 80a-82a).

[3] These arrangements allegedly included the granting of credit, negotiation of interest payments, any extensions granted as to the time payments were due, and termination of the franchise arrangement for which financing was needed.

*McDonald v. Allen*, 416 Pa. 397, 206 A. 2d 395 (1965). In order to exercise that discretion three factors must be present: (1) the petition to open is promptly filed, (2) the default or delay is reasonably explained, and (3) a defense is shown to exist on the merits. *Fox v. Mellon*, supra; *Thorn v. Clearfield Borough*, 420 Pa. 584, 218 A. 2d 298 (1966). The court below concluded that all of these factors were present and opened the judgment. We disagree. No defense was shown to exist on the merits and the judgment should not have been opened.

Appellee contends it is entitled to credits for goods returned to Sylvania upon termination of their franchise agreement. Assuming arguendo that appellee could sustain its burden of proof and was entitled to such credits, this is not a substantive defense on the merits against appellant G.A.C.: "[I]t is well settled that, in the absence of fraud, an unliquidated set-off is not ground for opening a judgment confessed under a warrant of attorney." *Harrison v. Galilee Baptist Church*, 427 Pa. 247, 252, 234 A. 2d 314 (1967); see *Harrison v. Stoeckert*, 369 Pa. 143, 146, 85 A. 2d 154 (1952); *McKee v. Verner*, 239 Pa. 69, 75-76, 86 A. 646 (1913). The credits, here, amounted to no more than unliquidated set-offs.

The appellee also claims damages against Sylvania arising out of the latter's alleged breach of their franchise agreement. However, even if appellee has a cause of action for breach of contract against Sylvania, this is not a defense on the merits against appellant.[4]

---

[4] Appellee argues that the Pennsylvania Rules of Civil Procedure allow for the joinder of Sylvania as a party in order to open the judgment. Rule 2252(a), on which appellee bases this argument, is summarized by the "Commentary to the 1969 Amendments", 3 Goodrich-Amram, *Standard Pa. Practice, Procdural Rules Service* (1970 Supp., Binder 3), at 199-200, as allowing the joinder of an additional defendant. ". . . (c) [o]n a separate cause of action if

152

In *Harrison v. Stoeckert*, supra, mortgage debtors sought to assert as a defense a claim which they allegedly had against the mortgagee's father, with whom they claimed they had all dealings concerning the mortgage. The Court held: "If defendants' testimony is true, they may have a remedy elsewhere, but they cannot be permitted to disturb a judgment entered on an admittedly valid mortgage . . . ." 369 Pa. at 146. The same holds true in the instant case where the debt is admittedly valid; the judgment in favor of appellant G.A.C. should not be disturbed because appellee has a claim against Sylvania.

The order of the court below opening the judgment is reversed.

---

it arises out of the transaction or occurrence upon which the plaintiff's cause of action is based." Here, the appellant's cause of action is based solely on the financing agreement while the alleged breach of contract stems from the franchise agreement between appellee and Sylvania. Since the transactions are clearly separate, the rule should not be construed so as to allow joinder and "hinder or delay appellant". P.L.E., Parties, Sec. 17.