**Beck v. Frampson**

*Gerald P. Ginley*, for petitioner.

*Joseph Livesey*, contra.

HIRSH, J., May 21, 1973.—This dispute involves a trustee in bankruptcy and a creditor of the bankrupt. Plaintiff loaned $5,000 to Albert and Dorothy Freedman on February 2, 1966, and the debtors, in turn, executed a judgment note in plaintiff's favor. On April 15, 1966, plaintiff entered a judgment by confession against Albert and Dorothy Freedman. Subsequently,

on September 13, 1967, the debtors filed a petition in bankruptcy in which the debtors identified plaintiff as a judgment creditor in the amount of $5,000. Debtors by their trustee, Charles W. Frampson, now request this court to reconsider its order of January 19, 1973, in which this court dismissed defendant's petition to open judgment.

By this petition to open judgment, the trustee is appealing to the equitable side of this court and to this court's discretion: Richmond v. A.F. of L. Medical Service Plan, 415 Pa. 561, 204 A.2d 271 (1964). In order to exercise that discretion to open a judgment by confession, three factors must be present: (1) the petition to open must be filed promptly, (2) the petition must establish equitable considerations which appeal to the conscience of this court, and (3) in assumpsit actions, a defense must be shown to exist on the merits: Kraynick v. Hertz, 443 Pa. 105, 277 A.2d 144 (1971), and Fox v. Mellon, 438 Pa. 364, 264 A.2d 623 (1970). These requirements for opening a judgment by confession are to be distinguished from the requirements for opening a default judgment, which include the additional requirement that the default or delay in the entry of an appearance or the filing of an answer be reasonably explained: G.A.C. Credit Corp. v. Acme Accordion Studios, 220 Pa. Superior Ct. 148, 286 A.2d 678 (1971).

Trustee urges this court to exercise its discretion because the judgment note had been allegedly satisfied and no outstanding balance is owing. Although a trustee in bankruptcy can petition to open judgments by confession against the bankrupt debtors (Pennsylvania Rule of Civil Procedure 2959 and the Act of July 9, 1897, P. L. 237, sec. 1, 12 PS §911), this court cannot conclude that it would be appropriate to open the judgment in this case.

First, petitioner had knowledge of the judgment in 1966 when the debtors filed their bankruptcy petition. In that petition, the debtors identified all of their creditors, including plaintiff. Also, plaintiff testified in the bankruptcy court proceedings in 1967. Petitioner now seeks to open that judgment five years later. However, petitioner makes no attempt at explaining this delay. One of the requirements that governs when it is appropriate for this court to exercise its discretion to open a judgment mandates that the petitioner act promptly: Kraynick v. Hertz, supra. A five-year delay is surely not prompt enough for this court. Petitioner must be more diligent if he expects to appeal to this court's discretion.

Secondly, petitioner claims that a meritorious defense exists. Specifically, petitioner claims that the loan was satisfied and, in the alternative, that the judgment operates as a fraud to the other creditors. In support of that allegation, petitioner deposed plaintiff under Pa. R.C.P. 209, and, in light of that deposition, petitioner now asks this court to reconsider its original order dismissing the petition to open judgment. However, after reading the notes of testimony of the deposition of Lenora Beck, this court can only conclude that petitioner has failed to show any justification for reconsideration. Nowhere in the deposition is there any evidence which supports petitioner's allegation that the loan has been satisfied or that the judgment was without consideration and fraudulent. Therefore, on reconsideration, this court has nothing new before it, and according to Pa. R.C.P. 209, this court must still deem all averments of fact in plaintiff's answer to defendants' petition to open judgment as being admitted. Consequently, this court must dismiss the trustee's petition for reconsideration.

Accordingly, it is, therefore, ordered and decreed that the petition for reconsideration to open the judgment is dismissed.