446 A.2d 945

J. M. KORN & SON, INC., Appellant,

v.

FLEET–AIR CORPORATION, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 23, 1981.

Filed June 11, 1982.

Jacques H. Geisenberger, Jr., Lancaster, for appellant.

John W. Beyer, Lancaster, for appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

This is an appeal from an order opening a confessed judgment. The order which opened judgment contained two paragraphs. The first paragraph provided that at trial the issues would include "claims, defenses or counterclaims" alleged in defendant's petition to open the judgment. The second paragraph granted leave to the parties to amend their pleadings generally. We find the first part of the order to be correct; however, the second part, granting leave to amend, is improper. Therefore, we will affirm in part and reverse in part.

Fleet-Air Corporation, the appellee, is a manufacturer of children's shoes in Lancaster County. J. M. Korn & Son, Inc., the appellant, is an advertising agency, which developed various advertising programs for appellee. In July, 1979, appellee executed judgment notes in favor of appellant for the total sum of $285,022.21. On December 10, 1979, pursuant to warrants of attorney contained in those notes, appellant confessed judgment against appellee for the face amount of the notes. Appellee filed a timely petition to open the judgment, alleging defenses of partial payment, business duress, misrepresentation and breach of contract. An answer was filed conceding, inter alia, that payments had been made. The matter of an agreed order to open the judgment was discussed, but the parties were unable to agree upon the issues to be litigated. The trial court, therefore, issued the following order:

AND NOW, this 22nd day of August, 1980, in consideration of the foregoing, the Court orders that the confessed judgment entered against Defendant on December 11, 1979 be opened. The issues which may be presented at trial include not only the validity of the Judgment Notes but also any other claims, defenses or counterclaims arising out of the parties' contractual advertising arrangement.

The Court further grants the parties leave to amend their pleadings. Plaintiff may amend its Complaint to include any additional claims it may wish to assert within

twenty (20) days of the date of this Order. Defendant will then file its Answer and any affirmative claims it may wish to present in accordance with the Rules of Civil Procedure.

On appeal from this order, appellant concedes that the judgment was properly opened because of payments made and because business duress, if proved, is a defense to the note. Appellant contends, however, that the trial court erred in defining the issues to be litigated at trial and in granting leave to amend the pleadings.[1]

The issues which may be raised at trial upon the opening of a confessed judgment are determined by Pa.R.C.P. No. 2960, which provides in relevant part as follows:

> If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition, answer and the order of the court opening the judgment. There shall be no further pleadings . . . . [2]

"When a confessed judgment is opened on the basis of the defendant's petition setting forth his defenses on the merits, defendant may not thereafter amend to include additional defenses, not included within the original defenses. Clarifying or supplementary amendments are permitted." Goodrich Amram 2d § 2960.1. *Cf. Malicia v. Proietta Catering and Cocktail Lounge, Inc.,* 270 Pa.Super. 342, 411 A.2d 751 (1979).

In the instant case, the issues were framed by appellant's complaint, which had been filed with the judgment

---

**1.** Appellee has suggested that this appeal is improper. It argues that jurisdiction may not be based on Pa.R.A.P. 311(a)(1), which permits interlocutory appeals as of right from "an order opening, vacating or striking off a judgment . . . .," because appellant acknowledges that it was not error to open the judgment. We disagree with so narrow a reading of the rule. The rule authorizes an appeal from "an order opening . . . a judgment," and appellant is appealing from such an order.

**2.** This rule is complemented by Pa.R.C.P. No. 2959(c) which provides: "A party waives all defenses and objections which he does not include in his petition or answer."

notes, and by appellee's petition to open and appellant's answer thereto. Although clarifying amendments to these pleadings may be filed, if necessary and otherwise proper, it would be improper for appellee after judgment had been opened, to amend its petition to assert new defenses or counterclaims. To the extent that the trial court's order allowed such amendments, it was erroneous.

In the absence of fraud, an unliquidated counterclaim or set-off is not grounds for opening a judgment confessed under a warrant of attorney. *Harrison v. Galilee Baptist Church*, 427 Pa. 247, 252, 234 A.2d 314, 316 (1967); *Harrison v. Stoeckert*, 369 Pa. 143, 146, 85 A.2d 154, 155 (1952); *McKee v. Verner*, 239 Pa. 69, 75–76, 86 A. 646, 648 (1913); *G.A.C. Credit Corp. v. Acme Accordion Studios, Inc.*, 220 Pa.Super. 148, 151, 286 A.2d 678, 680 (1971); *McRoberts v. Stadelman*, 168 Pa.Super. 489, 492–93, 79 A.2d 119, 121 (1951). The reason for the rule is understandable. "To a judgment there can be no set-off of a debt not in judgment. One judgment may be set off against another, through the equitable powers of the court but to a judgment ripe for execution, there can be but one answer, to wit, payment pure and simple." *Harrison v. Stoeckert, supra* 369 Pa. at 146, 85 A.2d at 155, quoting from *Thorp v. Wegefarth*, 56 Pa. 82, 85 (1868).

In the instant case, the judgment has been opened; and the parties are agreed that opening was proper. The proceedings are now de novo. *Dunn v. Orloff*, 420 Pa. 492, 503, 218 A.2d 314, 320 (1966); *Poelcher v. Link*, 375 Pa. 539, 542, 101 A.2d 628, 629 (1954). Considering this posture of the case, there is no rule, substantive or procedural, which prevents the adjudication of the counterclaims asserted by appellee in its petition to open. Rather, the rules pertaining to assumpsit actions are applicable. *See Sanctis v. Lagerbusch*, 213 Pa.Super. 483, 488, 249 A.2d 919, 922 (1968). The applicable assumpsit rule, found in Pa.R.C.P. 1031(a), permits a defendant to plead as a counterclaim "any cause of action or setoff which he has against the plaintiff at the time of filing the answer ... or which arises from contract or is quasi-contractual."

The trial court was correct, therefore, when it defined the issues to be decided at trial to include "claims, defenses or counterclaims" pleaded in appellee's petition to open the judgment. Any other interpretation of the procedural rules would have required two separate trials instead of one in order to adjudicate the respective rights and liabilities of the parties. The record before us discloses no good reason for embarking upon such an absurd misuse of judicial time and resources, not to mention inconvenience to the parties.

Pursuant to the trial court's order, the litigation can now proceed to trial on the issues framed by pleadings which have already been filed. Those pleadings, however, cannot be amended to allege new defenses or counterclaims.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.