# GE Commercial District Financial Corp. v. Sports-Cycles, Inc.

C.P. of Berks County, No. 13-16053

*Michael J. Dougherty*, for plaintiff.
*Anthony R. Distasio*, for defendants.

SPRECHER, *J.*, Nov. 20, 2014—Defendants appeal the order dated September 16, 2014, which granted plaintiff's motion for summary judgment against defendants, jointly and severally, in the amount of $204,396.65 plus attorney fees and costs in the amount of $27,828.19. This opinion is filed pursuant to Pa. R.A.P. 1925.

## FACTS

Plaintiff's principal business is a type of secured lending called "floorplan financing" whereby plaintiff finances a dealership's purchase of inventory from third party manufacturers and distributors for the dealership to sell to retail customers.

On June 9, 2011, plaintiff, GE Commercial Distribution Finance Corporation, entered into financing agreements (agreements) with defendant, Sport-Cycles, Inc., pursuant to which plaintiff provided financing to defendant for its acquisition of inventory to sell to the general public. Defendant, Joseph Dzurkovich (hereinafter, guarantor), entered into a guaranty wherein he unconditionally guaranteed defendant's obligations to plaintiff under the agreements.

Defendant defaulted under the terms of the agreements by failing to pay plaintiff the amounts due and owing. Pursuant to the agreements, defendants are liable for plaintiff's costs, expenses, and attorney fees incurred in the enforcement of the agreements.

In August 2012 defendant defaulted under the agreements by failing to make payments in the amount of $165,083.32. On August 28, 2012, plaintiff notified defendants by letter that defendant was in default of the agreements for failing to make payment to plaintiff in the aforesaid amount. The letter advised defendants that if plaintiff did not receive a payment within five days, plaintiff could declare the entire unpaid principal balance due and all accrued and unpaid interest or other charges thereon immediately due and payable.

Defendants did not cure the default. On September 7, 2012, plaintiff notified defendants by letter that plaintiff had terminated its credit with them and had accelerated the

indebtedness at that time. This amount was $528,052.78. Defendants did not pay or cure the default.

On December 7, 2012, defendants executed a forbearance agreement and release (forbearance agreement) wherein defendants acknowledged the defaults and amounts under the agreements. Guarantor also reaffirmed and agreed to his personal liability for the full amount of the debt owed to plaintiff. In consideration of plaintiff's agreement to forbear from immediately exercising its rights under the agreements, defendants agreed to pay as required under the agreements and to pay the entire indebtedness on or before January 15, 2013.

Defendants defaulted. The current balance due is $204,396.65 plus accruing interest charges and other amounts. Defendant and guarantor are jointly liable.

Defendants filed an answer with new matter. Defendants admit that agreements were entered into on June 9, 2011. Defendants deny that plaintiff extended any credit or financing under the agreements. Defendants admit that guarantor executed a guaranty, but they deny that guarantor unconditionally guaranteed the indebtedness and obligations under the agreements. Defendants deny that there was a default.

Based on the record, including the agreements and the guaranty, this court granted summary judgment in favor of plaintiff and against the defendants. Defendants filed a timely appeal.

## ISSUES

Defendants raise the following issues in their concise statement of errors complained of on appeal.

1. The present matter was not ripe for summary

judgment as the motion was filed just 2 1/2 months after the pleadings were closed, prior to any formal discovery and plaintiff failed to produce any relevant documents with informal requests, for the first time attaching some relevant documents to its brief filed 2 months after its motion for summary judgment.

2. This court erred in entering summary judgment since it remains unproven the existence and terms of any contract upon which plaintiff can assert a breach and damages. Even if summary judgment was granted, a separate trial on the amount of damages should have been held.

3. This court erred in entering summary judgment for attorney fees, which are actual, reasonable attorney fees when there was no substantiation of the $27,828.19 in attorney fees incurred for the mere filing of a complaint, an amended complaint and a summary judgment motion. A separate trial on the amount of attorney fees should have been held.

## DISCUSSION

To withstand a motion for summary judgment, nonmovant must adduce sufficient evidence on issues essential to his case and on which he bears the burden of proof, such that a jury could return a verdict in his favor. A failure to adduce this evidence establishes that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. *Zachardy v. Geneva College*, 733 A.2d 648 (Pa. Super. 1999). In the case *sub judice*, defendants did not produce any evidence that established a genuine issue of material fact.

Defendants first contend that summary judgment was entered before the parties could engage in formal discovery. This contention is without merit. Discovery

would not have produced any additional evidence that could have prevented the entry of summary judgment against defendants. Defendants admit that financing agreements were entered into on June 9, 2011. Although defendants deny that plaintiff extended any credit to them under the agreements, the forbearance agreement belies this assertion:

A. CONFIRMATION OF INDEBTEDNESS

1. As of December 4, 2012, dealer and guarantor acknowledge and agree that under the security documents, dealer and guarantor owe lender the sum of $169,327.30 ("debt") on dealer #173436 of which $134,772.98 represents principal and $34,554.32 represents inventory sold for which lender has not received payment ("SOT"); interest continues to accrue on the debt.

2. As of December 4, 2012, dealer and guarantor acknowledge and agree that under the security documents, dealer and guarantor owe lender the sum of $147,228.42 ("debt") on dealer #156053 which represents inventory sold for which lender has not received payment ("SOT"); interest continues to accrue on the debt.

Thus, defendants acknowledged that they borrowed money from plaintiff and they failed to make all the payments owed on the loans.

Defendants assert that a separate trial on the amount of the damages should have been held even if the summary judgment had been granted for plaintiff. This issue is meritless. Paragraph A states the amounts owed to plaintiff. Pursuant to the forbearance agreement, interest

continues to accrue. Defendants' answer contends that Suzuki filed for bankruptcy and did not produce any new products, causing sales to stagnate and inventory that was financed to become stale; therefore, defendant had unsaleable inventory whose financing costs exceeded any possible profit margin.

These facts may be true, but it has nothing to do with the agreements and the forbearance agreement. Any claim for damages would be against Suzuki, the manufacturer of defendant's inventory. It is no defense on the merits to the action brought by plaintiff, the finance company, against defendants, the retailer and guarantor, to recover the balance due on the Agreements. *G.A.C. Credit Corporation v. Acme Accordion Studios, Inc.*, 220 Pa. Super. 148, 286 A.2d 678 (1971). The damages are as stated in the forbearance agreement.

Defendants' last assertion is that this court erred in entering summary judgment for attorney fees because there was no substantiation of the $27,828.19 fees in the instant case, and a separate trial on the amount of attorney fees should have been held. This issue is without merit.

The agreements provide that defendants owe all reasonable attorney fees and legal expenses incurred by plaintiff for, *inter alia*, establishing, perfecting, maintaining perfection of, protecting, and enforcing its lien on the collateral and collecting any obligations regarding defendants' default. Thus, it is clear that defendants owe counsel fees. This case has been pending since July 1, 2013. Moreover, plaintiff has attempted to collect on defendants' default since August 2012. Thus, it is clear that defendants owe significant legal fees. Plaintiff has submitted by affidavit the amount of the counsel fees paid.

Plaintiff's attorneys have extended much time and effort in attempting to collect and enforce defendants' debt. Protracted litigation has increased plaintiff's fees. Therefore, these fees are reasonable in light of all the litigation and prior attempts to collect. Defendants created the increased fees by denying their obligations in an attempt to delay the inevitable result. Furthermore, defendants never requested any discovery on the amount of plaintiff's legal fees or asked this court to reconsider the amount of the legal fees which were requested by affidavit and granted.

Defendants acknowledge from the time of entering into the agreements to pay attorney fees in the event of default, particularly where default is contested and plaintiff is forced to expend even more legal fees. That is exactly what happened in this case. Instead of consenting to judgment and, thus, keeping legal fees at a minimum, defendants did just the opposite. Defendants did not negotiate a settlement of the amount of the legal fees; perhaps by admitting default, the issue of legal fees could have been waived entirely. In fact, defendants did not even attempt to bring the alleged issue of the amount of legal fees to judicial resolution of that issue, by requesting reconsideration of this court's order that granted summary judgment. Defendants have chosen not to have this issue, if it is a real issue, resolved by a prompt hearing; instead defendants followed a strategy that will buy even more time to continue to avoid their responsibilities, when the whole purpose of these agreements was to promptly resolve the damages in the event of a default by defendants.

In accordance with the foregoing opinion, this court submits that its order should be affirmed and defendants' appeal denied.